# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: SAMSUNG CUSTOMER DATA
SECURITY BREACH LITIGATION                                              MDL No. 3055

### TRANSFER ORDER

**Before the Panel:**[*]  Plaintiffs in one action (*Seirafi*) move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California or, alternatively, the District of New Jersey. This litigation consists of nine actions pending in four districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of eight additional related actions – one each in the Central District of California, the Middle District of Florida, the Northern District of Georgia, the Northern District of Illinois, the District of New Jersey, the District of Nevada, the Southern District of New York, and the Western District of Pennsylvania.[1]

Plaintiffs in all actions and common defendant Samsung Electronics America, Inc., unanimously support centralization, with the disagreement limited to the appropriate transferee district. Plaintiffs in two actions on the motion and five potential tag-along actions support movants' request for the Northern District of California or, alternatively, the District of New Jersey. Plaintiffs in six actions on the motion and one potential tag-along action request the District of New Jersey as transferee district. Defendant requests centralization in the District of Nevada or, alternatively, the Southern District of New York.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions concerning an alleged data security breach of Samsung's U.S. systems in or around July 2022 that allegedly compromised the personal information of millions of consumers using Samsung products and services.[2] The

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in the classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Plaintiffs allege that the data breach affected all U.S. consumers who purchased or used Samsung electronic products and services, including Samsung mobile phones, computers, televisions, home

(continued...)

common factual questions include: (1) Samsung's data security practices and whether the practices met industry standards; (2) how the unauthorized access occurred; (3) the extent of personal information affected by the breach; (4) when Samsung knew or should have known of the breach; (5) the investigation into the breach; and (6) whether plaintiffs are entitled to damages as a result of defendant's alleged conduct. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the District of New Jersey is an appropriate transferee district. Defendant has its headquarters in New Jersey, where common witnesses and other evidence likely will be found. Six related actions are pending there, and all responding plaintiffs support this district as their first or second choice for the transferee venue. We assign this litigation to the Honorable Christine P. O'Hearn, a skilled jurist with the willingness and ability to manage this litigation, who has not yet had the opportunity to preside over an MDL. We are confident she will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Christine P. O'Hearn for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

---

appliances, and online services. The personal information allegedly compromised by the breach includes customer names, postal addresses, emails, dates of birth, phone numbers, geolocation data, product registration information, and demographic information such as how consumers interacted with advertisements and websites.

IN RE: SAMSUNG CUSTOMER DATA  
SECURITY BREACH LITIGATION      MDL No. 3055

## SCHEDULE A

    <u>Northern District of California</u>

SEIRAFI, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC.,  
    C.A. No. 3:22−05176  
GUTIERREZ v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 3:22−05719

    <u>Northern District of Illinois</u>

NEWBERY, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC.,  
    C.A. No. 1:22−05325

    <u>District of New Jersey</u>

ROBINSON v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 2:22−05722  
BECKER v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 2:22−05723  
DIPAOLA, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC.,  
    C.A. No. 2:22−05724  
FERNANDEZ v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 2:22−05745  
ROLLINS v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 2:22−05767

    <u>Southern District of New York</u>

MARK v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 1:22−07974