UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: SAMSUNG CUSTOMER DATA
SECURITY BREACH LITIGATION

1:23-md-03055 (CPO-EAP)
(MDL 3055)

*This Document Relates To:* ALL ACTIONS

## JOINT AGENDA AND STATUS REPORT

Pursuant to the Court's Amended Initial Case Management Order (ECF No. 6), the parties hereby submit the following Joint Agenda and Status Report:

**FACT SHEETS**

Plaintiffs are aware that some courts have ordered plaintiff and defendant fact sheets in data breach cases and that they can sometimes be helpful. Defendant believes that fact sheets will not be necessary in this class action multidistrict litigation. The parties look forward to hearing the Court's thoughts with respect to fact sheets at the Initial Case Management Conference.

**ENABLING ORDER**

The parties are open to the Court's thoughts with respect to an Enabling Order.

**PRIVILEGE/PRESERVATION/ESI ISSUES**

The parties have preliminarily discussed privilege, preservation, and ESI issues. The parties agree that most of these issues can be properly addressed through orders such as the ESI Protocol and Confidentiality Order. Plaintiffs have prepared an initial draft ESI Protocol and Confidentiality Order, which Defendant is currently reviewing. The parties will continue to meet and confer regarding these issues and the draft ESI Protocol and Confidentiality Order. To the extent the Court has additional thoughts with respect to these issues, the parties welcome further discussion at the upcoming Initial Case Management Conference.

**PARAMETERS OF DISCOVERY**

The parties disagree as to what, if any, discovery should take place in advance of a decision on Defendant's response to Plaintiffs' forthcoming consolidated amended complaint, which may include (1) a motion to dismiss all claims; and (2) potentially motions to compel individual arbitration of Plaintiffs' claims pursuant to the Federal Arbitration Act. Plaintiffs believe that Defendant should produce any documents that have previously been gathered and produced to governmental entities before the filing of a consolidated amended complaint and that discovery should proceed in due course after the consolidated amended complaint is filed. Defendant disagrees and believes that discovery at this stage would be premature and should not proceed until after the Court rules on Defendant's response to the forthcoming consolidated amended complaint. The parties will meet and confer as to the scope and timing of discovery depending upon the Court's view of how discovery should proceed.

**SCHEDULING**

The parties have set a preliminary schedule, subject to the Court's approval, for Plaintiffs filing a consolidated amended complaint and Defendant's response thereto. However, at this stage, Defendant states that it is difficult for it to set a deadline for its response to Plaintiffs' forthcoming consolidated amended complaint without understanding the scope of the pleading, including: (1) the number of named Plaintiffs; (2) the potentially relevant laws for each of the named Plaintiffs; and (3) the identity of the named Plaintiffs to determine, for example, whether their claims are subject to binding individual arbitration. Until it obtains this information, Defendant is unable to predict how much time will be necessary to prepare an appropriate response to Plaintiffs' forthcoming consolidated amended complaint.

While Defendant proposes that the parties should promptly meet and confer to develop an appropriate briefing schedule for Defendant's response once Plaintiffs have filed their consolidated

complaint, Defendant nevertheless believes that it will need at least sixty (60) days to prepare a response to Plaintiffs' forthcoming consolidated amended complaint. Accordingly, the parties' proposed preliminary schedule through Defendant's response to Plaintiffs' forthcoming consolidated amended complaint is set forth below:

| **Event** | **Proposed Date** |
| --- | --- |
| Consolidated Amended Complaint filed | May 22, 2023 |
| Defendant's Response to Consolidated Amended Complaint filed | July 21, 2023[1] |
| Plaintiffs' Response(s) filed | September 19, 2023 |
| Defendant's Reply Brief(s) filed | October 19, 2023 |

In addition to a schedule for motion to dismiss briefing, Plaintiffs have provided to Defendant a proposed schedule that includes deadlines through briefing on summary judgment and class certification, based upon discovery starting after the filing of the consolidated amended complaint. As is set forth in the Parameters of Discovery section, Defendant believes that discovery should not proceed until Plaintiffs can show that they can plead a claim in their forthcoming consolidated amended complaint that can survive Rule 12 scrutiny. The parties will meet and confer with respect to any further scheduling based upon the Court's guidance at the upcoming Initial Case Management Conference.

**PLAINTIFFS' LEADERSHIP STRUCTURE**

On March 3, 2023, Interim Lead Counsel filed a leadership proposal with the Court. *See*

---

[1] Defendant expressly reserves the right to seek additional time to respond to the consolidated amended complaint depending on the scope of that pleading. It is Plaintiffs' position that this is unnecessary since the right to seek additional time for good cause already exists under Rule 16, but this is a compromise schedule that has been agreed to by Plaintiffs.

ECF No. 13.

### RELATED ACTIONS

Below is a list of all related actions pending in state or federal Court:

| Case Caption | Civil Action No. | Transferor District Court (Division) |
|---|---|---|
| *Seirafi, et al. v. Samsung Electronics America, Inc.* | 3:22-cv-05176 | N.D. Cal. (San Francisco) |
| *Mark v. Samsung Electronics America, Inc.* | 1:22-cv-07974 | S.D.N.Y. (New York) |
| *Becker v. Samsung Electronics America, Inc.* | 2:22-cv-05723 | D.N.J. (Newark) |
| *Dipaola, et al. v. Samsung Electronics America, Inc.* | 2:22-cv-05724 | D.N.J. (Newark) |
| *Robinson v. Samsung Electronics America, Inc.* | 2:22-cv-05722 | D.N.J. (Newark) |
| *Fernandez v. Samsung Electronics America, Inc.* | 2:22-cv-05745 | D.N.J. (Newark) |
| *Rollins v. Samsung Electronics America, Inc.* | 2:22-cv-05767 | D.N.J. (Newark) |
| *Newbery, et al. v. Samsung Electronics America, Inc.* | 1:22-cv-05325 | N.D. Ill. (Chicago) |
| *Gutierrez v. Samsung Electronics America, Inc.* | 3:22-cv-05719 | N.D. Cal. (San Francisco) |
| *Gelizon v. Samsung Electronics America, Inc.* | 2:22-cv-01706 | D. Nev. (Las Vegas) |
| *Bennett v. Samsung Electronics America, Inc.* | 1:22-cv-05540 | N.D. Ill. (Chicago) |
| *Wenzel v. Samsung Electronics America, Inc.* | 8:22-cv-02323 | M.D. Fla. (Tampa) |
| *Chandler, et al. v. Samsung Electronics America, Inc.* | 2:22-cv-06241 | D.N.J. (Newark) |
| *Kelechian v. Samsung Electronics America, Inc.* | 2:22-cv-08056 | C.D. Cal. (Los Angeles) |
| *Hasson v. Samsung Electronics America, Inc.* | 2:22-cv-01669 | W.D. Pa. (Pittsburgh) |
| *Murray v. Samsung Electronics America, Inc.* | 1:23-cv-00295 | S.D.N.Y. (New York) |

All of these actions have been transferred to the District of New Jersey by the Judicial Panel of Multidistrict Litigation and are currently stayed pursuant to the Court's Amended Initial

4

Case Management Order. No discovery has been conducted in any of these actions. The parties are unaware of any other related actions pending in state or federal court.

### BRIEF WRITTEN STATEMENTS

The parties are simultaneously submitting their Statements separately to the Court for *in camera* review.

Dated: March 23, 2023                                           Respectfully Submitted,

| **CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.** | **ARCHER & GREINER, P.C.** |
|---|---|
| By: _____/s/ James E. Cecchi_____ | By: _____/s/ Carlos M. Bollar_____ |
| James E. Cecchi<br>CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>T: (973) 994-1700<br>F: (973) 994-1744<br>jcecchi@carellabyrne.com<br><br>*Interim Lead Counsel for Plaintiffs* | Carlos M. Bollar<br>Maureen Coghlan<br>ARCHER & GREINER, P.C.<br>1025 Laurel Oak Road<br>Voorhees, NJ 08043<br>T: (856) 795-2121<br>F: (856) 795-0574<br>cbollar@archerlaw.com<br>mcoghlan@archerlaw.com<br><br>Neil K. Gilman<br>Michael J. Mueller<br>Christopher C. Brewer<br>HUNTON ANDREWS KURTH LLP<br>2200 Pennsylvania Ave. NW<br>Washington, DC 20009<br>T: (202) 955-1500<br>F: (202) 778-2201<br>ngilman@HuntonAK.com<br>mmueller@HuntonAK.com<br>brewerc@HuntonAK.com<br><br>Arthur E. Brown<br>Elie Salamon<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, NY 10019 |

                                                T: (212) 836-8000
                                                F: (212) 836-8689
                                                arthur.brown@arnoldporter.com
                                                elie.salamon@arnoldporter.com

                                                *Attorneys for Defendant Samsung Electronics America, Inc.*