**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____   CIVIL ACTION NUMBER:

IN RE: SAMSUNG CUSTOMER DATA            1:23-md-03055(CPO)(EAP)
SECURITY BREACH LITIGATION
_____   STATUS CONFERENCE

Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey  08101
May 4, 2023
Commencing at 9:34 a.m.

**B E F O R E:**            **THE HONORABLE CHRISTINE P. O'HEARN,
                             UNITED STATES DISTRICT JUDGE AND
                             THE HONORABLE ELIZABETH A. PASCAL,
                             UNITED STATES MAGISTRATE JUDGE**

**A P P E A R A N C E S:**

CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C.
BY:  JAMES E. CECCHI, ESQUIRE
     CAROLINE F. BARTLETT, ESQUIRE
     LINDSEY H. TAYLOR, ESQUIRE
     JASON ALPERSTEIN, ESQUIRE
5 BECKER FARM ROAD
ROSELAND, NJ 07068
For the Plaintiffs

FINE KAPLAN & BLACK
BY:  ROBERTA D. LIEBENBERG, ESQUIRE
ONE SOUTH BROAD STREET, 23RD FLOOR
PHILADELPHIA, PA 19107
For the Plaintiffs

Sharon Ricci, Official Court Reporter
sharon.ricci.usdcnj@gmail.com
267-249-8780

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

```
 1   A P P E A R A N C E S (Continued):

 2
         LITE DePALMA GREENBERG & AFANADOR, LLC
 3       BY:  CATHERINE B. DERENZE, ESQUIRE
         570 BROAD STREET, SUITE 1201
 4       NEWARK, NJ  07102
         For the Plaintiffs
 5
         SEEGER WEISS, LLC
 6       BY:  CHRISTOPHER A. SEEGER, ESQUIRE
              CHRISTOPHER AYERS, ESQUIRE
 7       55 CHALLENGER ROAD
         RIDGEFIELD PARK, NJ  07660
 8       For the Plaintiffs

 9       NUSSBAUM LAW GROUP, P.C.
         BY:  LINDA P. NUSSBAUM, ESQUIRE
10            SUSAN R. SCHWAIGER, ESQUIRE
         1211 AVENUE OF THE AMERICAS, 40TH FLOOR
11       NEW YORK, NY  10036
         For the Plaintiffs
12
         DICELLO LEVITT
13       BY:  NADA DJORDJEVIC, ESQUIRE
         330 N. WABASH AVENUE
14       CHICAGO, ILLINOIS  60611
         For the Plaintiffs
15
         LYNCH CARPENTER, LLP
16       BY:  KELLY K. IVERSON, ESQUIRE
         1133 PENN AVENUE, 5TH FLOOR
17       PITTSBURGH, PENNSYLVANIA 15222
         For the Plaintiffs
18
         ARCHER & GREINER, P.C.
19       BY:  CARLOS M. BOLLAR, ESQUIRE
              MAUREEN COGHLAN, ESQUIRE
20       1025 LAUREL OAK ROAD
         VOORHEES, NJ  08043
21       For the Defendant

22

23

24

25
```

```
 1
 2   A P P E A R A N C E S (Continued):
 3
 4       HUNTON ANDREWS KURTH, LLP
         BY:  NEIL K. GILMAN, ESQUIRE
 5       2200 PENNSYLVANIA AVENUE NW
         WASHINGTON, DC  20009
 6       For the Defendant

 7       ARNOLD & PORTER, LLP
         BY:  ARTHUR E. BROWN, ESQUIRE
 8            ELIE SALAMON, ESQUIRE
         250 WEST 55^{TH} STREET
 9       NEW YORK, NY  10019
         For the Defendant
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1          (PROCEEDINGS held via Zoom conference before The
2   Honorable Christine P. O'Hearn, United States District Judge,
3   at 9:34 a.m.)
4          JUDGE O'HEARN:  Good morning, everyone.
5          IN UNISON:  Good morning.
6          JUDGE O'HEARN:  We are on the record in the matter of
7   Samsung Customer Data Security Breach Litigation, Civil Action
8   1:23-03055.
9          Can I have appearances of counsel, starting with the
10  plaintiff.
11         MR. CECCHI:  Good morning, Your Honor.  James Cecchi,
12  Carella Byrne, on behalf of the plaintiffs.
13         We have a number of my colleagues on the plaintiffs'
14  side with me today who, you know, wanted to utilize the Zoom
15  and participate today.  Not all will be speaking.
16         Do you want me to go through or have everyone
17  individually introduce themselves?
18         JUDGE O'HEARN:  Why don't we -- Mr. Cecchi, why don't
19  you have everyone introduce themselves just so I know who's
20  who.
21         MR. CECCHI:  Okay.  Good.  So maybe we start -- try to
22  do this alphabetically.
23         MR. ALPERSTEIN:  I guess that's me.  Good morning,
24  Your Honor.  Jason Alperstein on behalf of the plaintiffs.
25         MS. BARTLETT:  Good morning, Your Honor.  Caroline

```
 1  Bartlett from Carella Byrne on behalf of plaintiffs.
 2          MR. AYERS:  Good morning, Your Honor.  Chris Ayers
 3  from Seeger Weiss on behalf of plaintiffs.
 4          MS. DERENZE:  Good morning, Your Honor.  Catherine
 5  Derenze of Lite DePalma Greenberg & Afanador on behalf of
 6  plaintiffs.
 7          MS. DJORDJEVIC:  Good morning, Your Honor.  Nada
 8  Djordjevic from DiCello Levitt on behalf of plaintiffs.
 9          MS. LIEBENBERG:  Good morning, Your Honor.  I was
10  before you last time, Bobby Liebenberg.
11          MS. IVERSON:  Good morning, Your Honor.  Kelly Iverson
12  with Lynch Carpenter on behalf of plaintiffs.
13          MS. NUSSBAUM:  Good morning, Your Honor.  Linda
14  Nussbaum on behalf of the plaintiffs.
15          MS. SCHWAIGER:  Good morning.  Susan Schwaiger on
16  behalf of the plaintiffs.
17          MR. SEEGER:  All right.  I'm at SE, so I think it's my
18  turn.  Chris Seeger.  Good morning, Your Honor.  Very nice to
19  meet you.
20          MR. TAYLOR:  And, Your Honor, Lindsey Taylor from
21  Carella Byrne.
22          JUDGE O'HEARN:  Is that everyone, Mr. Cecchi?
23          MR. CECCHI:  It is, Your Honor.
24          JUDGE O'HEARN:  That was a very effective way to do
25  that, so I learned something today.
```

1        MR. CECCHI:  That's the first test of these plaintiffs
2   lawyers today, if they could get the alphabet right.
3        JUDGE O'HEARN:  For defendants?
4        MR. BOLLAR:  Good morning, Your Honor.  Carlos Bollar
5   from Archer & Greiner on behalf of defendant Samsung.
6        MR. BROWN:  Arthur Brown with Arnold & Porter on
7   behalf of Samsung.  Good morning, Your Honor.
8        MS. COGHLAN:  Good morning, Your Honor.  Maureen
9   Coghlan of Archer & Greiner on behalf of defendant Samsung.
10       MR. GILMAN:  And Neil Gilman from Andrews Kurth for
11  Samsung.
12       MR. SALAMON:  Good morning, Your Honor.  Elie Salamon
13  from Arnold & Porter for Samsung.
14       JUDGE O'HEARN:  Is that everyone, Mr. Bollar?
15       MR. BOLLAR:  It is, Your Honor.
16       JUDGE O'HEARN:  Okay.  All right.  I did receive the
17  May 1st letter from the parties setting forth sort of the
18  status, as well as the attached scheduling order.
19       And I should just, for the record, note that
20  Magistrate Pascal is on this call with us as well, and she will
21  be for all of the calls that we have, to address any scheduling
22  orders.
23       So I guess the first thing is the proposed scheduling
24  order.
25       And everyone agrees to this; is that correct,

```
 1  Mr. Cecchi?
 2          MR. CECCHI:  It is, Your Honor.
 3          JUDGE O'HEARN:  Okay.  So are we on schedule to have
 4  the consolidated amended complaint filed by May 22?
 5          MR. CECCHI:  Absolutely.
 6          JUDGE O'HEARN:  Okay.  Okay.  The next date you have
 7  is the agreed-upon confidentiality order and ESI protocol, and
 8  you had asked a question about that and how it should be
 9  prepared in light of our Appendix S form and Judge Pascal's
10  preferences.
11          I think in a case like this, if you can agree, it
12  should be prepared -- I'm fine if you want to use whatever form
13  you want to use.  Judge Pascal and I did not discuss it, so I
14  should ask her if she has any objections to that, but I
15  thought -- Judge Pascal, I thought if the parties are in
16  agreement and it contains everything that we generally would
17  require, that there would be no issue with that from your
18  perspective?
19          JUDGE PASCAL:  That's exactly my position.  Thank
20  you.
21          JUDGE O'HEARN:  So I think -- does that resolve -- is
22  that what you need to know from us, Mr. Cecchi?
23          MR. CECCHI:  I think it does, Judge.  And, you know,
24  we're confident -- I actually discussed this morning with
25  Mr. Brown, we're confident we will get to a place where we
```

1  either agree or there's very few issues that will have to be
2  hashed out by Judge Pascal or Your Honor.  Normal and usual,
3  but we're confident that we'll get to an agreed-upon order
4  shortly.
5          JUDGE O'HEARN:  Okay.  So if by the 21st you do not
6  have an agreed-upon order when you sent -- whatever the weekly
7  call is that we'll have before that, you can put in the letter
8  that you've not been able to resolve it, attach a copy, and
9  Judge Pascal will either handle it on this call -- and perhaps
10 I'll bow out for that call -- or she'll set up another call to
11 go over, depending how lengthy the issues are.  Okay?
12         MR. CECCHI:  Thank you, Judge.
13         JUDGE O'HEARN:  All right.  So we will -- if you see
14 me, I'm just -- I decided to take typed notes because I'll
15 never be able to read my handwritten notes, so that's what I'm
16 typing.
17         Okay.  So that takes care of that.  So talk to me,
18 Mr. Cecchi, about the fact sheets.
19         MR. CECCHI:  Sure, Your Honor. We prepared
20 plaintiffs' and defendant's facts sheets.  As indicated at our
21 last conference, we used the rather extensive and detailed
22 format that was used in the *Blackbaud* case.  We sent it to the
23 defendant.
24         We've had conversations since then, myself and others,
25 with the defense team about the facts sheets.  We actually met

1   in person to talk about them.  And we think after the filing of
2   the amended complaint -- the defense can speak to this -- we'll
3   be able to get to a place hopefully where we can agree upon an
4   informative and detailed set of facts sheets both ways that
5   will help inform the parties about where we are, where we're
6   going.  So those conversations are continuing.
7           JUDGE O'HEARN:  Okay.
8           MR. BROWN:  Your Honor --
9           JUDGE O'HEARN:  Go ahead.
10          MR. BROWN:  Thank you.  Your Honor, I've spoken to
11  Mr. Seeger several times, Mr. Cecchi several times, we've met
12  in person to walk through this.  I think we're all in agreement
13  that after we have a consolidated complaint, we're going to try
14  to work through the fact sheet issue, which I know JUDGE
15  O'HEARN ordered at the last conference, and my expectation is
16  that we'll reach an agreement.
17          And if we don't, if there are issues that we need to
18  bring to Your Honor, we will.  I'm hoping we can work
19  cooperatively -- it's not my first time working across the V
20  with some of the plaintiff s' lawyers here.  So I understand
21  the drill and I understand the Court's desire for the parties
22  to work cooperatively, and we'll do that.
23          JUDGE O'HEARN:  Okay.  So certainly by our first
24  conference in June, then the amended complaint will have -- the
25  consolidated amended complaint will have been filed and I

1  expect at that point -- I'm going to make a note to check on
2  the status of that with you, and hopefully you can either tell
3  me you have them resolved or there are some issues that we can
4  discuss.
5           Does that make sense, Mr. Brown?
6           MR. BROWN:  It does, Your Honor.
7           And, Your Honor, while we're on the topic of the next
8  conference, I know we have one scheduled for just a couple of
9  days before the consolidated complaint.  I did talk to
10 Mr. Seeger and Mr. Cecchi about the possibility, if it makes
11 sense for JUDGE O'HEARN, to have the next conference, you know,
12 three or four weeks after the consolidated complaint.  A lot of
13 what we're going to discuss in the facts sheets is going to be
14 teed off how the complaint is pled and what's in there.  It
15 might give us some time to work out other issues.
16          I raise it now, Judge, because you've talked about the
17 next conference.  And if that makes sense, I think the parties
18 will be amenable.
19          JUDGE O'HEARN:  Okay.  So let's do this -- before we
20 get off the call, because I do have -- as I go through these
21 other issues I want to address today, I may forget that.  If
22 we're all in agreement that some of these issues make the most
23 sense, that we will skip the bi-weekly call that's currently
24 scheduled for May 18th and then just proceed on June 1st, if we
25 think that that make sense because the amended complaint will

```
 1  have been filed -- I mean, I'm not going to have a call just
 2  for the sake of having a call.  I think that that makes sense.
 3          If there are other issues, for example, that need to
 4  be addressed, like you still can't agree on a confidentiality
 5  order or such, then we can have a call and address those
 6  issues.  But let's continue to go through what we have, but
 7  don't forget to let me address that before we adjourn.
 8          MR. BROWN:  Of course.
 9          JUDGE O'HEARN:  Settlement demand.  Mr. Cecchi, where
10  are we on that?
11          MR. CECCHI:  From the plaintiffs' perspective, I think
12  the best way we can proceed and to make an informed demand is
13  after we get some information from the facts sheet.  I mean, I
14  can make a demand, you know, within the next couple of weeks
15  without the facts sheet information based upon assumptions, but
16  our thinking on the plaintiffs' side was we'd rather have some
17  hard data, some hard information that would inform that demand.
18          And I think that's the best way to proceed.  We'll
19  have data about the extent of the breach, location of the
20  victims, the types of data.  I mean, we have our information,
21  but having some data from the defendant will inform the demand.
22          Like I said, I could put something together based upon
23  assumptions, but our preference would have to have some data
24  first before I make that demand.
25          JUDGE O'HEARN:  Mr. Bollar, what's your client's
```

```
 1  position on that?
 2          MR. BOLLAR:  Your Honor, I think Mr. Brown is going to
 3  be addressing that issue.  He's had the conversations directly
 4  with Mr. Cecchi on the issue of timing for the demand.
 5          JUDGE O'HEARN:  Mr. Brown, what's your position?
 6  Usually defendants want it sooner rather than later so they can
 7  look at what they're spending money on.
 8          MR. BROWN:  Yeah, Judge.  Never in my career have I
 9  had a demand before I've seen a complaint.  This is unusually
10  early.  And I think -- in my experience, I think it's helpful
11  to the plaintiffs if they have an understanding of the case
12  before they can make an informed demand.
13          So it's certainly not prejudicial and I am not in a
14  hurry for a demand that doesn't have a foundation, so I agree
15  with Mr. Cecchi.  I think over time we're going to have a sense
16  of what this case is or isn't, and I think a demand at that
17  point would make better sense than sort of shooting in the dark
18  at the moment.
19          JUDGE O'HEARN:  Okay.  So Mr. Cecchi, you want to
20  be -- when we determine the finding of facts sheets, you want
21  to then build in a time for you to give a demand, is that what
22  you would like to do?
23          MR. CECCHI:  I think that makes perfect sense, Judge.
24          JUDGE O'HEARN:  Okay.  I'm just going through your
25  chart line by line on your proposed scheduling order.
```

```
 1              The rest of the dates look fine to me.  I don't have
 2   any issues with them necessarily.  So what I want to do is I
 3   want to continue -- I'm going to look through -- it's a very
 4   long scheduling order.  But thank you, I know it must have
 5   taken a lot of time to put it together.  I'll take a second
 6   look at it.  I understand you're all in agreement with it.
 7   We'll enter a second order so we can just get things moving.
 8              What else has been going on, Mr. Cecchi?  What else
 9   have you guys been working out?  Is there anything else we need
10   to address today?
11              MR. CECCHI:  We -- Mr. Brown and myself and others,
12   Mr. Seeger, had conversations about the special master, as Your
13   Honor indicated at the last --
14              JUDGE O'HEARN:  Yes.  I went back and checked my order
15   and it said you were supposed to give me two names, and you
16   only gave me one.
17              MR. CECCHI:  You know what, Judge, that's funny you
18   raised that because we discussed that yesterday on our call
19   preparing for this.  And we said, well, since we reached a --
20   at least the plaintiffs and defendants have agreed, maybe we
21   don't have to give two, but we did raise it.  And I apologize.
22   We can certainly give another name.  But we did discuss Judge
23   Linares.  We both worked with Judge Linares before, both
24   Samsung and the plaintiffs, so we did have consensus on that
25   name, but we're happy to give another name as well.
```

```
 1            JUDGE O'HEARN:  I would like you -- why don't you
 2   consult and some time before the next conference -- I'm not
 3   going to appoint a special master just yet.  We can talk about
 4   it a little more.  I want to have some more discussion about it
 5   and the timing of it.  Quite frankly, I want to see the motion
 6   to dismiss first, which we all know is coming, right?
 7            No surprises, Mr. Bollar, I'm getting a motion to
 8   dismiss?
 9            MR. BOLLAR:  Yes, Your Honor.
10            JUDGE O'HEARN:  So I want to make sure I get the
11   timing right if we're going to do it.  So I think that it makes
12   sense for you to pick someone else because, A, availability
13   issues.  I want to make sure someone's available.  And I may
14   not agree with who it is you select and agree.  I may say, oh,
15   that's good, but I think this person is a better fit for this
16   case.  So I'd like you to just give me two names.
17            MR. CECCHI:  We can give you the name that we
18   suggested, if Your Honor wants now or later.
19            JUDGE O'HEARN:  If you have one, that's fine.
20            MR. CECCHI:  We have suggested Magistrate Judge
21   Snyder.
22            JUDGE O'HEARN:  I think he's busy.  In other matters
23   that I had, he's extremely busy.
24            MR. BOLLAR:  Your Honor, our second suggestion was
25   former Chief Judge Wolfson, and -- but given that we hadn't
```

```
 1  come to an agreement as to that second name, we thought it
 2  better to show solidarity behind one name.
 3          JUDGE O'HEARN:  Is there any objection, Mr. Cecchi, to
 4  former Chief Judge Wolfson?
 5          MR. CECCHI:  We didn't get to the point of meeting and
 6  conferring on that, so I'll talk to Carlos and report back to
 7  JUDGE O'HEARN.
 8          JUDGE O'HEARN:  Okay.  Can you do that?  Because
 9  that's one that I had in mind for a couple different reasons.
10  One, I know she has time because she's just sort of ramping up
11  her mediation ADR special master process; two, she has tons of
12  current MDL experience; and three, obviously I've worked very
13  closely with her for the past two years.  So --
14          MR. CECCHI:  We'll talk to Carlos --
15          JUDGE O'HEARN:  So talk about it, okay.
16          MR. CECCHI:  Yes.
17          JUDGE O'HEARN:  So you'll talk about it and let me
18  know.
19          And as I said, I'm not a hundred percent sure when and
20  if we're going do it.  I am leaning towards it, but I want to
21  see the motions to dismiss first.
22          Anything else, Mr. Cecchi, that you think we need to
23  address or talk about?
24          MR. CECCHI:  I think we've covered the agenda, Judge.
25  Thank you.
```

*1*     JUDGE O'HEARN:  Mr. Brown, anything from defendant's
*2* standpoint, or Mr. Bollar?
*3*     MR. BOLLAR:  Your Honor, the double L is a Y, Bollar.
*4* But I apologize.
*5*     JUDGE O'HEARN:  Thank you.
*6*     MR. BOLLAR:  But nothing from my perspective.
*7*     Mr. Brown, anything else we need to discuss?
*8*     MR. BROWN:  I just want to remind the Judge, at the
*9* Judge's request, to return to the conference date.  That's the
*10* only other outstanding issue.
*11*     JUDGE O'HEARN:  So I don't think it's necessary -- I'm
*12* going to leave it on my calendar.  And I guess what I would
*13* like for you to do is send me a joint letter, Mr. Cecchi and
*14* Mr. Bollar, before -- like say the week before, and just advise
*15* that there's no other issues that came up and you agree that we
*16* could wait until June 1.  Okay?
*17*     Between now and then, I expect you to revise the
*18* confidentiality order or get working on that, and let me know
*19* of any issues the next time we speak.  Because if you have
*20* issues with that, what we can do is have that conference and
*21* Magistrate Judge Pascal can preside over that and address any
*22* issues you have.
*23*     And then also to get back to me on whether or not the
*24* parties would agree as Chief Judge Wolfson, former chief, being
*25* the alternative for a special master.  So I think those are the

1  two things, tasks that you need to update me on.  If there's
2  nothing else, then I'm amenable to waiting until June 1.  I
3  think it would be more productive.  You will have seen the
4  amended complaint by then and we may have more fruitful
5  discussion and things to talk about.
6          In the meantime, I will look at and go through the
7  order that you propose and likely enter that some time early
8  next week.  Okay?
9          MR. BROWN:  Judge -- I am sorry.  Judge, one point on
10 June 1st.  I'm not available that week.  What I wanted to ask
11 JUDGE O'HEARN, if we get the -- the consolidated complaint on
12 May 22nd, it's going to be a substantial document and we're
13 going to have to meet and confer, and I'm not sure we can
14 resolve all of the important issues in eight days.  I'm not --
15 I'm out that week.
16         Can we look to the week or two after?  I mean, I can
17 tell you, I can represent, Judge, I've been talking to
18 Mr. Cecchi and Mr. Seeger on a regular basis.  You know, our
19 dialogue is open.  I'm just going to need more than eight days,
20 given that I have a block of time that week when I'm going to
21 be unavailable, to spend time and give the case the attention
22 it needs so we can try to reach an agreement on most of these
23 issues.
24         JUDGE O'HEARN:  So you're suggesting that we really
25 have -- that we really skip two conferences and we don't speak

1  again until June 15th?
2          MR. BROWN:  Well, I think actually given where we
3  are -- we haven't seen the complaint yet, that's forthcoming --
4  and I think that makes perfect sense.  And we can certainly, if
5  we need the Court's assistance before then, we can certainly
6  reach out to JUDGE O'HEARN.  And if we want to keep the June --
7  I mean, I'm going to be on vacation.  I'll call in from
8  wherever I am on June 1st.  If JUDGE O'HEARN wants me to do it,
9  I'll do it, I'm happy to do that, but I think June 15th would
10 be sufficient given where we're at.
11         JUDGE O'HEARN:  Mr. Cecchi, do the plaintiffs have a
12 position on that?
13         MR. CECCHI:  We have no objection.  And as Mr. Brown
14 indicated, to the extent that something comes up beforehand
15 that's teed up, we can always alert JUDGE O'HEARN and Judge
16 Pascal as well.  So I have no -- I think it makes some sense
17 and Mr. Brown is away.  We have no objection.
18         JUDGE O'HEARN:  Okay.  So here's what I'm going to do,
19 I'm going to leave them on my calendar, because if I don't, the
20 time is going to get taken over by something else, but I'm
21 going to put them on there as tentative.  So why don't you do
22 the same thing, please, as I ask prior to the week of May 18th,
23 a week prior to June 1st send me a letter that there are no
24 issues or there are issues, okay.
25         And then really the next substantive status update I

```
 1  should get from you is before the 15th, right?  You're going to
 2  send me a letter, whatever I said before, three days before,
 3  whatever my order says, I don't recall -- you're going to send
 4  me a status letter, at that point the amended complaint should
 5  have been served.  Everyone should have had plenty of time,
 6  approximately three weeks at that point, to be able to review
 7  it, be able to talk about it, any issues, problems, et cetera.
 8            What I don't want to have -- I just want to put this
 9  out there now -- is a motion to dismiss, right, where the
10  answer is, we need to amend.  So we're going to talk about it
11  substantively.  We're clearly going to have a motion to
12  dismiss.  But if there's something that can be cured by an
13  amendment, the case isn't going to sit for three months while I
14  look through all the briefing and figure that out.  Okay?
15            So I want to have a frank discussion about what's
16  pled; if you think there are pure pleading deficiencies that
17  perhaps we need to talk about.  I'm trying to do this as
18  efficiently as possible, knowing that there are going to be,
19  obviously, substantial legal questions raised in the motion to
20  dismiss.  I'm not going to be arguing about those.
21            I just want to make sure there's nothing technically
22  that could not be easily fixed, so we don't have another
23  amended pleading, okay, and another round of motions to
24  dismiss.  So I hope that that makes sense kind of what I'd like
25  to accomplish.
```

```
 1           MR. CECCHI:  I think it makes great sense.
 2           JUDGE O'HEARN:  So try to look at it from that angle
 3  when you're looking at it.  Okay?  Anything else, Mr. Brown or
 4  Mr. Bollar?
 5           MR. BOLLAR:  No, Your Honor.
 6           JUDGE O'HEARN:  Mr. Cecchi?
 7           MR. CECCHI:  No, Your Honor.
 8           JUDGE O'HEARN:  Thank you, everyone.  I appreciate it.
 9  I appreciate your cooperation in getting the schedule and
10  working together.  I know that it took a lot of work.  It makes
11  my job a lot easier.  And I will see you all in a few weeks or
12  perhaps a month.
13           IN UNISON:  Thank you, Judge.
14           (Matter adjourned at 9:56 a.m.)
15           - - - - - - - - - - - - - - -
16  I certify that the foregoing is a correct transcript from the
17  record of proceedings in the above-entitled matter.
18
19  /S/ Sharon Ricci, RMR, CRR
    Official Court Reporter
20
21  May 4, 2023
         Date
22
23
24
25
```