# APPENDIX B

## APPENDIX B

### Chart 1

### The Economic Loss Doctrine Does Not Bar Plaintiffs' Negligence or Negligence *Per Se* Claims
### (*Cf.* Samsung App'x 2 Col. B)

| STATE | AUTHORITY |
|---|---|
| **Alabama** | *Not challenged by Samsung.* |
| **Alaska** | Samsung cites *In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1172 (D. Minn. 2014) (quoting *St. Denis v. Dep't of Housing & Urban Dev.*, 900 F. Supp. 1194, 1203 (D. Alaska 1995) (applying Alaska law; dismissing negligence claim on the ground that "Alaska law recognizes negligence claims 'only if the breach of duty created a risk of personal injury or property damage.'"). <br><br> But *see Mattingly v. Sheldon Jackson Coll.*, 743 P.2d 356, 360 (Alaska 1987) ("[A]dopting a rule permitting recovery for purely economic losses" in negligence because "[A] defendant owes a duty of care to take reasonable measures to avoid the risk of causing economic damages, aside from physical injury [or property damage], to particular plaintiffs or plaintiffs comprising an identifiable class with respect to whom defendant knows or has reason to know are likely to suffer such damages from its conduct. A defendant failing to adhere to this duty of care may be found liable for such economic damages proximately caused by its breach of duty." (quoting *People Express Airlines, Inc. v. Consolidated Rail Corp.,* 495 A.2d 107, 116 (1985)); *Geotek Alaska, Inc. v. Jacobs Eng'g Grp., Inc.*, 354 P.3d 368, 377 (Alaska 2015) (explaining that "*Mattingly* simply expanded liability in tort to include purely economic losses" (citation omitted)); *S. Peninsula Hosp. v. Xerox State Healthcare LLC*, No. 3:15–cv–00177–TMB, 223 F. Supp. 3d |

| | |
|---|---|
| | 929, 939–40 (D. Alaska 2016) (explaining "the Alaska Supreme Court has in fact recognized that, absent privity between the plaintiff and alleged tortfeasor, a plaintiff may recover for purely economic losses where a duty is owed under the *D.S.W.* factors."). |
| **Arizona** | *Not challenged by Samsung.* |
| **Arkansas** | *Not challenged by Samsung.* |
| **California** | Samsung cites to *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.* ("*Sony Gaming*"), 996 F. Supp. 2d 942, 967, 973 (S.D. Cal. 2014) (quoting *Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, 315 F. App'x. 603, 605 (9th Cir.2008)) (dismissing negligence claim in data breach action because "under California law, '[i]n the absence of (1) personal injury, (2) physical damage to property, (3) a "special relationship" existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed.'").<br><br>But see *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16–MD–02752–LHK, 313 F. Supp. 3d 1113, 1132–33 (N.D. Cal. 2018) (economic loss doctrine did not apply in data breach case where plaintiffs adequately pleaded a "special relationship" with defendant such that defendants would protect their PII collected by defendant); s*ee also*, *Sony Gaming*, 996 F. Supp. 2d at 968 allowing plaintiffs to pursue their tort claims "because Sony owed Plaintiffs a legal duty to provide reasonable network security (as articulated by the Court above), which was separate and independent from the [contract]."); *N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 783 (1997) (applying special relationship exception in case involving contract for services). |
| **Colorado** | Samsung cites to *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102-WJM-STV, 353 F. Supp. 3d 1070, 1084 (D. Colo. 2018) ("Thus, the source of any duty regarding data security arises under the contract. Because the |

|  | source of the duty is contained in the contract and there is no basis in Colorado statutory or common law for imposing a duty of care related to data security, Plaintiffs' claims are barred by the economic loss doctrine."). |
|  | But *see Bellwether Cmty. Credit Union.*, 353 F. Supp. 3d at 1083 (acknowledging that Colorado recognizes an independent duty exception to the economic loss rule); s*ee also Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 573 F.3d 947, 962 (10th Cir. 2009) ("Even if a claim asserting only economic loss could be framed as a breach of contract, it is not barred by Colorado's economic-loss rule if it rests on an independent duty of care under tort law.") (quotations and citation omitted). |
| **Connecticut** | Samsung cites to *Ulbrich v. Groth*, 78 A.3d 76, 94-99 (Conn. 2013) (applying Connecticut law and dismissing plaintiffs' negligence claims based on the economic loss doctrine). |
|  | But *see Ulbrich*, 78 A.3d at 97 (recognizing that tort claims which are independent of a breach of contract claim are not barred by the economic loss doctrine and "can survive even if the contract claim fails."); *see also*, *Pillco v. Benedetto*, No. NNH CV22-6125463 S, 2023 WL 2889154, at *3 (Conn. Super. Ct. Apr. 3, 2023) (citing *Raspberry Junction Holding, LLC* v. *Southeastern Connecticut Water Authority*, 340 Conn. 200, 263 A.3d 796 (2021) (noting that the Connecticut Supreme Court recently ruled that a two part test for the scope of duty, which weighs foreseeability and public policy, is the appropriate analysis to determine whether a plaintiff could recover purely economic losses for negligence). |
| **Florida** | *Not challenged by Samsung.* |
| **Georgia** | Samsung cites to *Murray v. ILG Techs., LLC*, 378 F. Supp. 3d 1227, 1241 (S.D. Ga. 2019) ("In essence, Georgia courts do not allow contracting parties to bring negligence claims for pure economic losses against one another unless some special relationship between the parties exists, such as the relationship |

| | |
|---|---|
| | between an attorney and her client."), *aff'd*, 798 F. App'x 486 (11th Cir. 2020)<br><br>But *see, e.g., In re Arby's Rest. Grp. Inc. Litig.*, No. 1:17-CV-0514-AT, 2018 WL 2128441, at \*12–13 (N.D. Ga. Mar. 5, 2018) (noting "[f]ederal district courts have extended this independent duty exception to data breach cases," and citing *Target Corp.*, 66 F. Supp. 3d at 1173 ("Absent Georgia authority refusing to recognize such an independent duty, Plaintiffs' allegations are sufficient to establish that the economic loss rule does not bar their Georgia negligence claims.")); *In re: The Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 1:14-MD-2583-TWT, 2016 WL 2897520, at \*3 (N.D. Ga. May 18, 2016) (finding an independent duty existed where "[p]liantiffs have pleaded that the [d]efendant knew about a substantial data security risk dating back to 2008 but failed to implement reasonable security measures to combat it," and explaining that "Georgia recognizes a general duty 'to all the world not to subject them to an unreasonable risk of harm,'" and actions such as "disabling security features and ignoring warning signs of a data breach, are sufficient to show that the [defendant] caused foreseeable harm to a plaintiff and therefore owed a duty in tort."); *Unified Servs., Inc. v. Home Ins. Co.*, 218 Ga. App. 85, 87 (1995) (allowing tort action for economic losses where "defendants not only breached their duties under the contract, but also breached statutory and fiduciary duties imposed by law."). |
| **Illinois** | Samsung cites to *Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1071 (C.D. Ill. 2016) (dismissing negligence claims in data breach case under Illinois' economic-loss doctrine).<br><br>But *see Irwin*, 174 F. Supp. 3d at 1071 (no discussion of independent duty exception, holding without analysis, "Irwin fares no better under Illinois law. In *In re Target,* the court dismissed negligence claims asserted under the laws of certain states, including Illinois, as barred by the economic loss rule."). |

| | |
|---|---|
| | *See also Harleysville Ins. Co. v. Mohr Architecture, Inc.*, 2021 IL App (1st) 192427, ¶ 62, 198 N.E.3d 1038, 1052–53 (citing *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.,* 159 Ill. 2d 137, 164 (1994) for the proposition that the economic loss doctrine "does not bar recovery in tort where a defendant breaches a duty that existed independently of a contract."). |
| **Indiana** | Samsung cites to *Aspen Am. Ins. Co. v. Blackbaud, Inc.*, 624 F. Supp. 3d 982, 1005 (N.D. Ind. 2022) (dismissing negligence claims in data breach case under Indiana's economic loss doctrine).<br><br>But *see Aspen Am. Ins. Co.*, 624 F. Supp. 3d at 1003 (recognizing the independent duty exception to the economic loss doctrine, but dismissing negligence claim where alleged independent duty was owed to third parties, not plaintiffs). |
| **Iowa** | Samsung cites to *In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1174 (D. Minn. 2014) (applying Iowa law; finding "Plaintiffs' Iowa negligence claim is barred by the economic loss rule"). |
| **Kansas** | Samsung cites to *Perdue v. Hy-Vee, Inc.*, 455 F. Supp. 3d 749, 762 (C.D. Ill. 2020) (applying Kansas law; finding that "the economic loss doctrine bars the Kansas Plaintiffs' claims for negligence and negligence per se").<br><br>But s*ee, e.g., David v. Hett*, 293 Kan. 679, 270 P.3d 1102, 1108-1109 (2011) ("A plaintiff's injury, the court found, is remediable in tort—if the injury can be traced back to a tort duty arising independently from the contract."); *Andrewjeski v. Bimbo Foods Bakeries Distribution, LLC*, No. CV 18-2425-KHV, 2019 WL 2250068, at *12–13 (D. Kan. May 24, 2019) ("[A] tort claim is the violation of duty imposed by law, independent of the contract. But the fact that the parties have a contractual relationship does not necessarily control the inquiry because legal duties may arise even though the parties also have a contract, so that '[w]here a contractual relationship exists |

| | |
|---|---|
| | between persons and at the same time a duty is imposed by or arises out of circumstances surrounding or attending the transaction, the breach of the duty is a tort.'" (quoting *Rinehart v. Morton Bldgs., Inc.*, 297 Kan. 926, 936 (2013)) (citations omitted and cleaned up)). |
| **Louisiana** | Samsung cites to *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 698-703 (5th Cir. 2011) (affirming dismissal of plaintiffs' negligence claims brought under Louisiana law based on the economic loss doctrine). |
| | But *see PPG Indus., Inc. v. Bean Dredging*, 447 So. 2d 1058, 1059 (La. 1984) ("there appears to be no question that [defendant] is liable to [plaintiff] … *for the direct economic losses* sustained by [plaintiff] during the period of repair"). *See also id.*, at 1061 (courts engage in a duty risk analysis to determine "whether the interest of the party seeking recovery of damages is one that falls within the intended protection of the rule of law whose violation gave rise to the damages, should consider the particular case *in the terms of the moral, social and economic values involved*, as well as with a view toward the ideal of justice. (citing *Entrevia v. Hood*, 427 So.2d 1146 (La.1983) (emphasis added))). |
| **Maryland** | Samsung cites to *Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 130 A.3d 1024, 1035 (Md. Ct. Spec. App. 2016) ("The general rule is that a party cannot recover against another in tort where the resulting harm is purely economic loss and the parties have no contract between them."),*aff'd,* 155 A.3d 445(Md. 2016). |
| | But *see Jacques v. First Nat. Bank of Maryland,* 307 Md. 527, 534–35, 515 A.2d 756, 759–60 (1986) ("Where the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability. *This intimate nexus is satisfied by contractual privity or its equivalent.*") (emphasis added); *Pasternak & Fidis, P.C. v. Recall Total Info. Mgmt.,* |

| | |
|---|---|
| | *Inc.*, 95 F. Supp. 3d 886, 900 (D. Md. 2015) ("when an independent duty exists and there is an 'intimate nexus,' such as a contract, between the parties, tort liability arises from 'the failure to exercise due care,' even when only economic loss ensues."). |
| **Massachusetts** | Samsung cites to *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 967(S.D. Cal. 2014) (dismissing negligence claim brought under Massachusetts law in data breach action under economic loss doctrine). |
| | But *see Arthur D. Little Int'l, Inc. v. Dooyang Corp.*, 928 F. Supp. 1189, 1203 (D. Mass. 1996) (economic loss doctrine does not apply to claims for "negligent breach of contractual duties"); *Szulik v. State St. Bank & Trust Co.*, 935 F. Supp. 240, 271 (D. Mass. 2013) ("[a]lthough the duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duty as distinguished from mere failure to perform it, causing damage, is a tort." (*quoting Anderson v. Fox Hill Vill. Homeowners Corp.*, 424 Mass. 365, 368 (1997))); . *Strategic Energy, LLC v. W. Mass. Elec. Co.*, 529 F. Supp. 2d 226, 236 (D. Mass. 2008) (negligent breach exception to economic loss doctrine applies where the breach is a violation of 'an independent duty imposed by law' that regulates the relationship between the parties." (quoting *Treadwell v. John Hancock Mut. Life Ins. Co.*, 666 F. Supp. 278, 289 (D. Mass. 1987))); *see also MacDonald v. Old Republic Nat. Title Ins. Co.*, 882 F. Supp. 2d 236, 246 (D. Mass. 2012) ("When there is privity among the parties, the economic loss doctrine does not bar a tort claim based on a recognized independent duty of care."). |
| **Michigan** | Samsung cites to *Kemp v. Resurgent Cap. Servs.*, 2013 WL 5707797, at *9 (E.D. Mich. Oct. 21, 2013) (applying Michigan law and dismissing plaintiff's negligence claims because "the economic loss doctrine prohibits a party to the contract from |

| | |
|---|---|
| | bringing tort claims that are factually indistinguishable from breach of contract claims"), *aff'd*, (6th Cir. June 18, 2014). |
| | But *see Neibarger v. Universal Cooperatives, Inc.*, 486 N.W.2d 612, 616 (Mich. 1992) (holding there is no simple, formulaic determination under Michigan law that outlaws damages in tort in the presence of a contract. "[T]he mere fact that . . . economic losses were incurred, does not mean that the case" should "be removed from underneath the umbrella of [tort] law."); *State Farm Fire & Casualty Co. v. Ford Motor Co.*, 2010 WL 866149 at *17 (Mich. Ct. App. March 11, 2010) (reversing a product liability case alleging economic loss in the presence of a contract). |
| **Minnesota** | *Not challenged by Samsung.* |
| **Nevada** | Samsung cites to *In re Zappos.com, Inc. Customer Data Security Breach Litig.*, 2013 WL 4830497, at *3 (D. Nev. Sept. 9, 2013) (quoting *Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 87 (Nev. 2009)) ("The economic loss doctrine in Nevada generally provides 'that unless there is personal injury or property damage, a plaintiff may not recover in negligence for economic losses.'"). |
| | But *see Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007). ("Nevada's economic loss doctrine . . . . does not bar recovery in tort where the defendant had a duty imposed by law rather than by contract and where the defendant's intentional breach of that duty caused purely monetary harm to the plaintiff."). |
| **New Hampshire** | Samsung cites to *Schaefer v. IndyMac Mortg. Servs.*, 731 F.3d 98, 103-09 (1st Cir. 2013) (affirming dismissal of plaintiff's negligence and negligent misrepresentation claims under New Hampshire's economic loss doctrine). |
| | But *see Schaefer*, 731 F.3d at 103 (acknowledging independent duty exception to economic loss doctrine). *See also*, MacDonald *v. Old Republic Nat. Title Ins. Co.*, 882 F. Supp. 2d |

| | |
|---|---|
| | 236, 246 (D. Mass. 2012) (applying independent duty exception and finding economic loss doctrine did not bar plaintiff's New Hampshire common law tort claims;) )(*citing Wyle v. Lees*, 162 N.H. 406, 410 (2011)). |
| **New Jersey** | Samsung cites to *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 308 (D.N.J. 2009) ("Generally, the economic loss doctrine prohibits plaintiffs from recovering in tort economic losses to which they are entitled only by contract.") |
| | But *see Minn. Life Ins. Co. v. Cooke*, No. 20-14326, 2021 WL 5122070, at *8 (D.N.J. Nov. 4, 2021) (there is an exception to the economic loss doctrine when "the injured party would not otherwise have a remedy" or the breaching party owes an independent duty imposed by law); *see also People Express Airlines v. Consol. Rail Corp.*, 100 N.J. 246, 249–50, 254 (1985) (no other remedy exception); *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002) (independent duty exception). |
| **New Mexico** | *Not challenged by Samsung.* |
| **New York** | Samsung cites to *In re: Lenovo Adware Litig.*, 2016 WL 6277245, at *9 (N.D. Cal. Oct. 27, 2016) (dismissing negligence claim under New York's economic loss doctrine). |
| | But *see Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 590 (S.D.N.Y. 2010) (gathering cases and declining to apply economic loss doctrine to bar plaintiffs' negligence claims in data breach case); *White Plains Hous. Auth. v. BP Prod. N. Am. Inc.*, 482 F. Supp. 3d 95, 120 (S.D.N.Y. 2020) ("A duty 'may arise from a special relationship that requires the defendant to protect against the risk of harm to plaintiff.'" (citation omitted); *Ambac Assrance Corp. v. U.S.Bank Nat'l Ass'n*, 328 F. Supp. 3d 141, 159 (S.D.N.Y. 2018) (refusing to apply the economic loss doctrine because "the economic loss doctrine centers on whether the defendant owed a duty to protect against the risk of harm to the plaintiff" and the court found a duty independent of contract). |

| | |
|---|---|
| **North Carolina** | Samsung cites to *Crescent Univ. City Venture, LLC v. Trussway Mfg., Inc*., 852 S.E.2d 98, 104 (N.C. 2020) ("North Carolina's state courts have consistently applied the economic loss rule to hold that purely economic losses are not recoverable under tort law, particularly in the context of commercial transactions."). |
| | But *see Williams v. AT&T Mobility, LLC*, No. 5:19-CV-475-BO, 2020 WL 1492803, at *5 (E.D.N.C. Mar. 25, 2020) (denying motion to dismiss after hackers obtained plaintiff's PII from the defendant, noting inapplicability of economic loss rule; "Plaintiff ... is seeking to recover for tortious conduct where the harms proliferated to every aspect of his life, well beyond his contractual relationship....."); *Curry v. Schletter Inc.*, No. 1:17-CV-0001-MR-DLH, 2018 WL 1472485, at *4 (W.D.N.C. Mar. 26, 2018) (declining to apply economic loss doctrine to bar claims even in the presence of a contract, because the plaintiff had sufficiently alleged that a duty existed, and "the facts and evidence to be presented" at a later stage in litigation would permit resolution of the economic loss doctrine defense). |
| **Ohio** | Samsung cites to *Foster v. Health Recovery Servs., In*c., 493 F. Supp. 3d 622, 638 (S.D. Ohio 2020) ("Ordinarily, under the economic loss rule, a plaintiff who has suffered economic loss due to another's negligence cannot recover damages."). |
| | But *see Windsor Med. Ctr., Inc. v. Time Warner Cable, Inc.*, 2021-Ohio-158, ¶ 27, 167 N.E.3d 23, 29 (allowing plaintiff to pursue purely economic losses in tort if the claim is "based exclusively upon a discrete, pre-existing duty in tort and not upon any terms of a contract or rights accompanying privity"). |
| **Oklahoma** | *Not challenged by Samsung.* |
| **Oregon** | Samsung cites to *Decker v. GEMB Lending, Inc.*, 2012 WL 5304144, at *12-13 (D. Or. Sept. 13, 2012) (applying Oregon law and dismissing negligence claims based on the economic loss doctrine where plaintiff could not demonstrate an |

| | |
|---|---|
| | independent duty of care), *report and recommendation adopted*, 2012 WL 5304093 (D. Or. Oct. 25, 2012).<br><br>But *see Decker*, 2012 WL 5304144, at *12-13 (acknowleding that Oregon recognizes the independent duty exception to the economic loss doctrine); *see also JH Kelly, LLC v. Quality Plus Services, Inc.*, 305 Or. App. 565, 572, 573-575 (2020) (in determining whether a claim can proceed in tort, Oregon courts look to whether the plaintiff "establish[ed] a limiter" which would address the court's "pragmatic concerns over unbounded liability" that the economic loss doctrine is meant to address). |
| **Pennsylvania** | Samsung cites to *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 175-77 (3d Cir. 2008) (applying Pennsylvania law and affirming dismissal of negligence claim in data breach case under economic loss doctrine).<br><br>But *see Dittman v. UPMC*, 649 Pa. 496, 499 (2018) (negligence claim in data breach case was not barred by the economic loss doctrine because "recovery for purely pecuniary damages is permissible under a negligence theory provided that the plaintiff can establish the defendant's breach of a legal duty arising under common law that is independent of any duty assumed pursuant to contract."); *see also Duhring Res. Co. v. United States*, 775 F. App'x 742, 747 (3d Cir. 2019) ("the economic loss doctrine does not apply where 'the plaintiff can establish the defendant's breach of a legal duty arising under common law that is independent of any duty assumed pursuant to contract.'" (quoting *Dittman*, 649 Pa. at 499)). *See also*, *Opris v. Sincera Reprod. Med.*, No. CV 21-3072, 2022 WL 1639417, at *4 (E.D. Pa. May 24, 2022) ("Under Pennsylvania law, those who affirmatively collect sensitive information owe a duty to exercise reasonable care to protect against the foreseeable harm of a data breach."); *In re Wawa, Inc. Data Sec. Litig.*, No. CV 19-6019, 2021 WL 1818494, at *4 (E.D. Pa. May 6, 2021) (rejecting application of the economic loss rule to a negligence claim arising out of a data breach); *In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 533 (M.D. Pa. 2021) |

| | |
|---|---|
| | (rejecting application of economic loss doctrine under the independent duty exception where plaintiff pleaded that defendant "owed them a common law duty to safeguard their credit and debit card information based on [defendant]'s affirmative conduct and the foreseeable risk of harm."); *Feleccia v. Lackawanna Coll.*, 654 Pa. 324, 342 (2019) (explaining although *Dittman* may have been the first opportunity the court had to recognize that entities that collect and store others' data on their computer systems, have a duty to "exercise reasonable care to protect them against an unreasonable risk of harm arising out of that act," there is "longstanding jurisprudence holding that '[i]n scenarios involving an actor's affirmative conduct, he is generally "under a duty to others to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the act."'" (citations omitted)). |
| **Rhode Island** | *Not challenged by Samsung.* |
| **South Carolina** | Samsung cites to *Tri-Lift NC, Inc. v. Drive Auto. Indus. of Am., Inc.*, 2021 WL 131017, at *3 (D.S.C. Jan. 13, 2021) ("To allow a party to recover in tort what he cannot recover in contract permits that party to receive a better deal than what was bargained for by the parties."). |
| | But *see Tri-Lift NC, Inc.*, 2021 WL 131017, at *3 (acknowledging South Carolina law recognizes that purely economic losses can be recovered in tort when there is an extra-contractual special relationship between the parties). *See also Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 320 S.C. 49, 54–55 (1995) (noting the "law in South Carolina, however, has long recognized tort actions when the damages are purely economic," including when "there is a special relationship between the alleged tortfeasor and the injured party not arising in contract,"); *Eaton Corp. v. Trane Carolina Plains*, 350 F. Supp. 2d 699, 701 (D.S.C. 2004) ("The economic loss rule bars a negligence action where duties are created *solely* by contract. |

| | |
|---|---|
| | (quoting *Kennedy v. Columbia Lumber and Mfg. Co., Inc.,* 299 S.C. 335, 384 S.E.2d 730, 737 (1989) (cleaned up)). |
| **Tennessee** | *Not challenged by Samsung.* |
| **Texas** | Samsung cites to *Golden Spread Elec. Coop., Inc. v. Emerson Process Mgmt. Power & Water Sols., Inc.*, 954 F.3d 804, 808 (5th Cir. 2020) ("Under Texas law, the economic loss rule generally prevents recovery in tort for purely economic damage unaccompanied by injury to persons or property."). <br><br> But *see, e.g.*, *Baxsto, LLC v. Roxo Energy Co., LLC*, 668 S.W.3d 912, 941 (Tex. App. 2023) (to determine whether an action sounds solely in contract or also in tort, "we consider both the source of the defendant's duty to act—whether it arose solely from the contract or from some common-law duty—and the nature of the remedy sought by the plaintiff."); *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (The economic loss doctrine "does not bar all tort claims arising out of a contractual setting. As we have said, 'a party [cannot] avoid tort liability to the world simply by entering into a contract with one party [otherwise the] economic loss rule [would] swallow all claims between contractual and commercial strangers.'" (quoting *Sharyland Water Supply Corp. v. City of Alton,* 354 S.W.3d 407, 419 (Tex. 2011)); *In re KrisJenn, Ranch, LLC*, No. BR 20-50805-RBK, 2023 WL 2518890, at \*20 (W.D. Tex. Mar. 14, 2023) ("'Because a fiduciary duty may arise as a matter of law independent of the contract,' the economic loss rule does not necessarily foreclose a claim for breach of fiduciary duty." (quoting *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 659 (W.D. Tex. 2019)); *AHBP LLC v. Lynd Co.*, No. SA-22-CV-00096-XR, 2023 WL 139149, at \*20 (W.D. Tex. Jan. 9, 2023) (rejecting application of economic loss rule, and explaining: "When a party states a tort claim arising from (1) an alleged breach of an independent duty (*i.e.*, one not arising from the contract), and (2) the harm suffered is not merely the economic loss of a contractual benefit, the economic loss rule does not |

|  | apply."); *W. Afr. Ventures Ltd. v. Fleming*, 634 F. Supp. 3d 391, 402–03 (S.D. Tex. 2022) (economic loss doctrine did not bar plaintiff's negligence claim where defendant's duty to plaintiffs was independent of the contract, and the damages alleged were "related to but distinct from the breach of contract damages sought."). |
|---|---|
| **Washington** | *Not challenged by Samsung.* |
| **Wisconsin** | *Not challenged by Samsung.* |

### APPENDIX B

### Chart 2-1

### States Either Recognize Or Have Not Foreclosed
### Breach Of Confidence Cause Of Action
### (*Cf.* Samsung App'x 3)

| STATE | AUTHORITY |
|---|---|
| **Colorado** | *Julius Hyman & Co. v. Velsicol Corp.*, 233 P.2d 977, 1000 (Colo. 1951) (*en banc*) (recognizing claim for breach of confidence claim). |
| **Indiana** | *Booth v. Stutz Motor Car Co. of Am.*, 56 F.2d 962, 963-66 (7th Cir. 1932) (recognizing claim for breach of confidence). |
| **Kansas** | *Hess v. Fuller*, No. 88-cv-2272, 1990 WL 37608, at *7 (D. Kan. Mar. 28, 1990) (noting that plaintiffs' causes of action included "breach of confidential and fiduciary duties"). |
| **New Jersey** | Defendant cites no decision that specifically forecloses the cause of action. Further, in *Vorhees v. Tolia*, No. 3:16-cv-8208-BRM-LHG, 2020 WL 1272193, at *10 (D.N.J. Mar. 17, 2020), the Court noted that the Third Circuit Court of Appeals had recognized the tort of breach of confidence under Pennsylvania law. It "involves the unconsented, unprivileged disclosure to a third party of nonpublic information that the defendant has learned within a confidential relationship." *Id.*, quoting *Kamal v. J. Crew Group, Inc.,* 918 F.3d 102, 114 (3d Cir. 2019). |
| **North Carolina** | *Allen v. Novant Health, Inc.*, No. 1:22-CV-697-CCE, 2023 WL 5486240, at *5 (M.D.N.C. Aug. 24, 2023) (interpreting "breach of confidence" claim as one for breach of fiduciary duty and finding plaintiffs adequately stated a claim based on disclosure of confidential information on Facebook). |
| **Texas** | *In re: DePuy Orthopaedics, Inc.*, No. 3:11-MD-2244-K, 2016 WL 6271465, at *5 (N.D. Tex. Jan. 5, 2016) (holding plaintiffs |

| STATE | AUTHORITY |
|---|---|
| | adequately pled defendant breached a duty of confidentiality); *Hyde Corp. v. Huffines*, 314 S.W.2d 763, 770-75 (Tex. 1958) (recognizing claim for breach of confidence); *Diabetes Centers of Am., Inc. v. Healthpia Am., Inc.*, No. 06-cv-3457, 2007 WL 1256570, at *4 (S.D. Tex. Apr. 30, 2007) ("Texas courts recognize a cause of action for misappropriation of confidential information that is either secret or substantially secret."). |

**Chart 2-2**

**States Recognize A Duty To Maintain Confidentiality Outside Of A Traditional Fiduciary Relationship And Whether A Party Has A Duty Is A Factual Question (*Cf.* Samsung App'x 3)**

| STATE | AUTHORITY |
|---|---|
| **Alabama** | *Jones v. Caraway*, 87 So. 820, 822 (Ala. 1921) (finding whether a confidential relationship existed was "an issue of fact"). |
| **Alaska** | Samsung relies on decisions that are distinguishable. *See McIntyre v. BP Expl. & Prod., Inc.*, 2015 WL 999092, at *5 (D. Alaska Mar. 5, 2015) (dismissing breach of confidence claim because plaintiff had not differentiated it from misappropriation of trade secrets claim); *Chizmar v. Mackie*, 896 P.2d 196, 207 (Alaska 1995) (suggesting that there may be "a cause of action for emotional distress arising from a physician's breach of the duty of confidentiality"). |

| STATE | AUTHORITY |
|---|---|
| **Arizona** | *W.L. Gore & Assocs. v. GI Dynamics, Inc.*, No. 10-cv-08088-PHX-GMS, 2010 WL 5184254, at *9 (D. Ariz. Dec. 15, 2010) (finding duty of confidentiality by virtue of the parties' agreements); *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 335 (Ariz. App. 1997) (finding the existence of a fiduciary or confidential relationship is generally a question of fact). <br><br>Samsung relies on a decision that is distinguishable. *See Savard v. Selby*, 508 P.2d 773, 777 (Ariz. Ct. App. 1973) (which involved a party suing his former counsel and insurer carrier on the basis they acted wrongfully settling a legal dispute to that party's detriment, but it was unclear to the court what information that was provided to counsel and the insurer carrier that led to the party's harm—simply an irrelevant set of facts here). |
| **Arkansas** | Samsung relies on a decision that is distinguishable. *See John v. Faitak*, 594 S.W.3d 871, 875 (Ark. 2020) (reversing summary judgment for defendant on plaintiff's claim against former psychologist for breach of confidentiality but does not discuss whether breach of confidence claims are only applicable in limited circumstances). |
| **California** | *Berkla v. Corel Corp.*, 302 F.3d 909, 917 (9th Cir. 2002) (listing elements of breach of confidence in California; no mention of duty of confidentiality or confidential relationship as an element); *Thompson v. California Brewing Co.*, 150 Cal. App. 2d 469, 475-476 (1957) (contracting party, not in a fiduciary relationship with plaintiff, could be liable for breach of confidence). <br><br>Samsung relies on a decision that is distinguishable. *See Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 981 (9th Cir. 2011) (noting that a breach of confidence claim "protects the |

| STATE | AUTHORITY |
|---|---|
|  | duty of trust or confidential relationship between the parties" in the context of copyright preemption (and no subsequent cases have cited this proposition to find that a plaintiff must plead a relationship for this claim) and also not analyzing whether the plaintiff plead the parties had a relationship of trust or confidential relationship). |
| **Colorado** | *Not challenged* |
| **Connecticut** | *Nora Bevs., Inc. v. Perrier Grp. of Am. Inc.*, 164 F.3d 736, 751 (2d Cir. 1998) (finding under Connecticut law that it was an issue of fact as to whether the parties had a confidential relationship). *Byrne v. Avery Ctr. For Obstetrics & Gyn., P.C.*, 175 A.3d 1, 17 (Conn. 2018) (recognizing cause of action for "unauthorized disclosure of confidential information obtained in the course of [the physician-patient] relationship for the purpose of treatment"). |
| **Florida** | *In re Cap. One Consumer Data Sec. Breach Litig.*, No. 1:19-md-2915-AJT-JFA, 488 F. Supp. 3d 374, 409 (E.D. Va. 2020) (finding plaintiffs "asserted a plausible breach of confidence action under Florida law" in data breach case). |
| **Georgia** | *Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360, 1382-83 (N.D. Ga. 2021) (finding a confidential relationship "may be created by law, contract, or the facts of a particular case" "[a]nd because 'a confidential relationship may be found whenever one party is justified in reposing confidence in another, the existence of [this] relationship is generally a factual matter for the jury to resolve'" (quoting *Douglas v. Bigley*, 628 S.E.2d 199, 204 (Ga. App. 2006)). |
| **Illinois** | *Not challenged by Samsung* |
| **Indiana** | *Not challenged* |

| STATE | AUTHORITY |
|---|---|
| Iowa | Samsung relies on decisions that are distinguishable. *See Oehler v. Hoffman*, 113 N.W.2d 254, 256 (Iowa 1962) (equity matter that did not involve a breach of confidence claim); *Ezzone v. Riccardi*, 525 N.W.2d 388, 397 (Iowa 1994) (affirming breach of confidential relationship judgment against defendants relating to purchase of corporate assets but not specifying the cause of action is limited to certain circumstances). |
| Kansas | *Not challenged* |
| Louisiana | Samsung relies on a decision that is distinguishable. *See Engineered Mech. Servs., Inc. v. Langlois*, 464 So.2d 329, 334 (La. Ct. App. 1984) (noting that "communication of [confidential] knowledge or information by the plaintiff to the defendant under an express or implied agreement limiting its use or disclosure" is an element of breach of confidence). But Plaintiffs here comply with *Langlois* because they allege an express and implied agreement between the Parties limits the disclosure of Plaintiffs' PII). |
| Maryland | *Not challenged by Samsung* |
| Massachusetts | *Collins v. Huculak*, 783 N.E.2d 834, 841 (Mass. App. Ct. 2003) ("Whether a relationship of trust and confidence exists is a question of fact . . . ."). Samsung relies on a decision that is distinguishable. *See Shaoguang Li v. Off. Of Transcription Servs.*, 2016 WL 6609796, at *1 (Mass App. Ct. Nov. 8, 2016) (no allegation of confidential relationship). |
| Michigan | Samsung relies on a decision that did not reach the issue of whether a confidential relationship between the parties is necessary. *See Russell v. Wall Wire Prods. Co.*, 78 N.W.2d 149, 151, 155 (Mich. 1956) (recognizing cause of action for breach |

| STATE | AUTHORITY |
|---|---|
| | of confidence within the context of trade secrets but specifically noting "questions raised and argued by counsel, including confidential relationship . . . are not controlling"). |
| **Minnesota** | Plaintiffs' allegations conform with the case Samsung relies upon. *See Signergy Sign Grp., Inc. v. Adam*, 2004 WL 2711312, at *2 (Minn. Ct. App. Nov. 30, 2004) (noting that proof of breach of confidentiality requires acquisition of [a trade secret of confidential information] through a confidential relationship"). Plaintiffs also plead a confidential relationship exists here between themselves and Samsung. ¶ 299. |
| **Nevada** | *Perry v. Jordan*, 900 P.2d 335, 337 (Nev. 1995) (finding in Nevada "confidential relationship may arise by reason of kinship or professional, business, or social relationships between the parties" and "when one party gains the confidence of the other and purports to act . . . with the other's interests in mind" (quoting *Kudokas v. Balkus*, 103 Cal. Rptr. 318, 321 (Cal. App. 3d Dist. 1972)); *Hernandez v. Creative Concepts, Inc.*, 862 F. Supp. 2d 1073, 1091 (D. Nev. 2012) ("Whether a confidential relationship exists generally is a question of fact."). |
| | The decision Samsung relies on is distinguishable. *See On Demand Direct Response, LLC v. McCart-Pollack*, No. 2:15-cv-01576-MMD-VCF, 2016 WL 5796858, at *1 (D. Nev. Sep. 30, 2016) (finding no confidential relationship existed between parties regarding theft of an idea for a stuffed animal given that plaintiff met defendant at a toy convention and pitched her idea for a toy that defendant later allegedly manufactured and sold), *aff'd sub nom. On Demand Direct Response, LLC v. Shana Lee McCart-Pollak*, 842 Fed. Appx. 151 (9th Cir. 2021) (unpublished). |
| **New Hampshire** | Samsung relies on a decision that is distinguishable. *See Mateo v. Univ. Sys. of N.H.*, No. 19-CV-70-PB, 2020 WL 4059884, at |

| STATE | AUTHORITY |
|---|---|
|  | *9 n.9 (D.N.H. July 20, 2020) (court was uncertain whether plaintiff alleged a "separate count for breach of confidentiality, or that a breach of confidentiality supports one of his other state law tort claim" after plaintiff argued the University of New Hampshire handbook "imposed a duty on [defendant] to keep certain communications" between the parties confidential but the court did not state that New Hampshire requires a duty of confidentiality for breach of confidentiality claims), *aff'd sub nom. Mateo v. Univ. Sys. of N.H.*, No. 20-1819, 2021 WL 7159934 (1st Cir. Aug. 27, 2021). |
| **New Jersey** | *Not challenged* |
| **New Mexico** | Plaintiffs' allegations conform with the case Samsung relies upon. *Fernandez-Wells v. Beauvais*, 983 P.2d 1006, 1010 (N.M. Ct. App. 1999) ("Central to [breach of confidence] is a relationship of trust and confidence between the parties."). Plaintiffs allege a relationship of trust and confidence between themselves and Samsung. ¶ 299. |
| **New York** | *Daly v. Metro. Life Ins. Co.*, 782 N.Y.S.2d 530, 535 (Sup. Ct. 2004) (recognizing breach of confidence claim for insurance company's failure to protect confidential personal information); *Jones v. Commerce Bancorp*, No. 06 Civ. 835(HB), 2006 WL 1409492, at *3 (S.D.N.Y. May 23, 2006) (finding plaintiff was entitled to rely on bank's "superior expertise to safeguard her personal confidential information. Thus, plaintiff has adequately alleged a breach of fiduciary duty"); *Daly v. Metro. Life Ins. Co.*, 782 N.Y.S.2d 530 at 535 (finding "duty arises, even in a commercial transaction, where one party reposed trust and confidence in another who exercises discretionary functions for the party's benefit or possesses superior expertise on which the party relied" (quoting *Anonymous v. CVS Corp.*, 728 N.Y.S.2d 333, 337 (N.Y. Sup. Ct. 2001)); *Davis v. Port*, 2020 NY Slip Op 32546(U), ¶ 22 (Sup. Ct.) ("An obligation of |

| STATE | AUTHORITY |
|---|---|
| | confidence may arise from a transaction or relationship between the parties, such as an express contract[.]").<br><br>Plaintiffs' allegations conform with the case Samsung relies upon. *Wallace v Health Quest Sys., Inc.*, 2021 WL 1109727, at *12 (S.D.N.Y. Mar. 23, 2021) (finding plaintiff must allege defendant assumed duty of confidentiality). Plaintiffs allege that Samsung undertook a duty not to disclose the sensitive PII they had provided to Samsung. ¶ 299. |
| **North Carolina** | *Not challenged* |
| **Ohio** | *Samsung* relies on *Brickman v. Maximus, Inc.*, 2022 WL 16836186, at *8 (S.D. Ohio May 2, 2022) (holding that breach of confidence actions in Ohio cover only "the unauthorized disclosure of ***medical*** information") (emphasis added). |
| **Oklahoma** | Samsung relies on a decision that is not controlling for the point it asserts. *See West v. Jane Phillips Mem'l Med. Ctr.*, 404 P.3d 896, 905 (Okla. Civ. App. 2017 (no mention of limiting breach of confidentiality cause of action to the circumstances therein). |
| **Oregon** | Samsung relies on a decision that is distinguishable. *See Stevens v. First Interstate Bank*, 999 P.2d 551, 554 (Or. Ct. App. 2000) (finding that to recover "emotional distress damages only," plaintiff must demonstrate a relationship that gives rise to a duty of confidentiality). |
| **Pennsylvania** | *Yenchi v. Ameriprise Fin., Inc.*, 161 A.3d 811, 820 (Pa. 2017) ("The circumstances in which confidential relationships have been recognized are fact specific and cannot be reduced to a particular set of facts or circumstances."); *Clemens v. ExecuPharm, Inc.*, 2023 WL 4139021, at *5 (E.D. Pa. June 22, |

| STATE | AUTHORITY |
|---|---|
| | 2023) (recognizing confidential relationship) (quoting *Kaal v. J. Crew Grp., Inc.*, 918 F.3d 102, 114 (3d Cir. 2019)). |
| Rhode Island | *Cohen v. GTECH Corp.*, 2006 R.I. Super. LEXIS 146, at *19 (Super. Ct. Oct. 27, 2006) (finding under Rhode Island law "[w]hether there is a confidential relationship is a question of fact"). |
| South Carolina | *Not challenged by Samsung* |
| Tennessee | *Foster Bus. Park, LLC v. Winfree*, 2009 WL 113242, at *13 (Tenn. Ct. App. Jan. 15, 2009) ("Because confidential relationships can assume a variety of forms, the courts have been hesitant to define precisely what a confidential relationship is and the court must look to the particular facts and circumstances of the case to determine whether one party exercised dominion and control over another, weaker party."). |
| Texas | *Not challenged* |
| Washington | *Not challenged by Samsung* |
| Wisconsin | *Not challenged by Samsung* |

**APPENDIX B**

**Chart 3**

**Plaintiffs Can Plead Unjust Enrichment In the Alternative**
(*Cf.* Samsung App'x 5)

| STATE | AUTHORITY |
|---|---|
| **Alabama** | *AAL USA, Inc. v. Black Hall Aero., Inc.*, No. 2:16-cv-02090-KOB, 2018 WL 1157201, at *8 (N.D. Ala. Mar. 5, 2018) |
| **Alaska** | *Cash Depot, Ltd. v. Com. ATM Servs., LLC*, No. 3:15-cv-0065-HRH, 2015 WL 6131056, at *7 (D. Alaska Oct. 19, 2015) |
| **Arizona** | *United Healthcare Servs. v. Advanced Reimbursement Sols. LLC*, No. 21-cv-01302-PHX-DLR (CDB), 2022 WL 4783771, at *4 (D. Ariz. Sep. 30, 2022) |
| **Arkansas** | *Not challenged* |
| **California** | *Cabrales v. Castle & Cooke Mortg., Ltd. Liab. Co.*, No. 1:14-cv-01138-MCE, 2015 WL 3731552, at *3 (E.D. Cal. June 10, 2015) |
| **Colorado** | *United Water & Sanitation Dist. v. Geo-Con, Inc.*, No. 18-cv-03241-PAB-SKC, 488 F. Supp. 3d 1052, 1058 (D. Colo. 2020); *Menocal v. GEO Grp., Inc.*, No. 14-cv-02887-JLK, 113 F.Supp.3d 1125, 1133 (D. Colo. 2015) |
| **Connecticut** | *Bokanoski v. Lepage Bakeries Park St., LLC*, No. 15-cv-00021-JCH, 2016 WL 11547577, at *4–5 (D. Conn. June 29, 2016) |
| **Florida** | *In re Monat Hair Care Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 18-md-02841-DPG, 2019 WL 5423457, at *5–6 (S.D. Fla. Oct. 23, 2019) |
| **Georgia** | *Hix v. Acrisure Holdings, Inc.*, No. 1:21-cv-4541-MLB, 2022 WL 2803633, at *10–11 (N.D. Ga. July 18, 2022) |

| STATE | AUTHORITY |
|-------|-----------|
| Illinois | *Joseph v. TGI Friday's, Inc.*, No. 21-cv-1340, 2022 WL 17251277, at *8 (N.D. Ill. Nov. 28, 2022) |
| Indiana | *Craftsman Chem. Corp. v. IVC Indus. Coatings*, No. 2:15-cv-00425-LJM-MJD, 2017 WL 365815, at *5 (S.D. Ind. Jan. 25, 2017) |
| Iowa | *EAD Control Sys., LLC v. Besser Co. USA*, No. 11-cv-4029-MWB, 2012 WL 2357572, at *3 (N.D. Iowa June 19, 2012) |
| Kansas | *Confer v. Milwaukee Elec. Tool Corp.*, No. 2:23-cv-2028, 2023 WL 4420220, at *4–5 (D. Kan. July 10, 2023) |
| Louisiana | *Hall v. Habul*, No. 13-cv-406-SDD-RLB, 2014 WL 2441177, at *4–5 (M.D. La. May 30, 2014) |
| Maryland | *Not challenged* |
| Massachusetts | *Holmes v. Univ. of Mass.*, 2021 WL 1099323, at *3-4 (Mass. Super. Mar. 8, 2021); *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, No. 15-cv-13488-FDS, 332 F. Supp. 3d 446, 473 (D. Mass. 2018) |
| Michigan | *Kiriacopoulos v. GM LLC*, No. 22-cv-10785, 2023 WL 2789622, at *15–17 (E.D. Mich. Apr. 5, 2023) |
| Minnesota | *Podpeskar v. Makita U.S.A. Inc.*, No. 15-cv-3914-JRT-KMM 247 F.Supp.3d 1001, 1012–13 (D. Minn. 2017) |
| Nevada | *George v. Morton*, No. 2:06-cv-1112-PMP-GWF, 2007 WL 680789, at *6–7 (D. Nev. Mar. 1, 2007) |
| New Hampshire | *Ortiz v. Sig Sauer, Inc.*, No. 19-cv-1025-JL, 2023 WL 1928094, at *13–15 (D.N.H. Feb. 10, 2023) |
| New Jersey | *Roche Diagnostics Corp. v. Smith*, No. 2:17-cv-05552-CCC, 2022 WL 4596720, at *17 (D.N.J. Sept. 30, 2022) |

| STATE | AUTHORITY |
|---|---|
| New Mexico | *Figueroa v. Ethicon, Inc.*, No. 2:19-cv-01188-KWR-KRS, 2020 WL 1434249, at *3 (D.N.M. Mar. 24, 2020) |
| New York | *Acquard v. Big Heart Pet Brands*, No. 19-cv-50-JLS, 2020 WL 12904361, at *6–7, *report and recommendation adopted*, No. 19-cv-50-JLS-HKS), 2021 WL 6550088 (W.D.N.Y. Jan. 4, 2021) (W.D.N.Y. Nov. 30, 2020) |
| North Carolina | *Performance Sales & Mktg., LLC v. Lowe's Cos.*, No. 5:07-cv-00140, 2010 WL 2294323, at *5 (W.D.N.C. June 4, 2010) |
| Ohio | *Not challenged* |
| Oklahoma | *Prof'l Value Internet Servs., LLC v. Cent. Rural Elec. Coop.*, No. 21-cv-00765-PRW, 2023 WL 4553617, at *7 (W.D. Okla. July 14, 2023) |
| Oregon | *Martell v. GM LLC*, 492 F.Supp.3d 1131, 1147 (D. Or. 2020) |
| Pennsylvania | *Kane v. Platinum Healthcare, LLC*, No. 10-cv-4390, 2011 WL 248494, at *5–6 (E.D. Pa. Jan. 25, 2011); *Alpart v. Gen. Land Partners, Inc.*, No. 07–cv–4457-ABB 574 F. Supp. 2d 491, 507 (E.D. Pa. 2008) |
| Rhode Island | *Not challenged* |
| South Carolina | *Brown v. Goodman Mfg. Co., L.P.*, No. 1:13-cv-03169-JMC, 2015 WL 1006319, at *8 (D.S.C. Mar. 5, 2015) |
| Tennessee | *Not challenged* |
| Texas | *Not challenged* |
| Washington | *Moodie v. Remington Arms Co.*, No. 13-cv-0172-JCC, 2013 WL 12191352, at *10 (W.D. Wash. Aug. 2, 2013) |
| Wisconsin | *Not challenged* |

## APPENDIX B

### Chart 4

### Rule 9(b)'s Pleading Standard Does Not Apply To All Statutory Consumer Protection Claims
### (*Cf.* Samsung App'x 10)

| STATE | AUTHORITY |
|---|---|
| ALABAMA DECEPTIVE TRADE PRACTICES ACT, ALA. CODE §§ 8-19-1, ET SEQ. | The decisions cited by Samsung fail to address whether all claims arising under the Alabama Deceptive Trade Practices Act necessarily allege fraud and, consequently, whether Plaintiffs must adhere to the heightened particularity standard mandated by Rule 9(b). *See In Kornegay v. Beretta USA Corp.*, 614 F. Supp. 3d 1029, 1036 (N.D. Ala. 2022) (finding complaint satisfied Rule 9(b)'s particularity requirement for ADTPA claims based on fraud-based omissions and misrepresentations); *Holmes v. Behr Process Corp.*, Civil Action No. 2:15-CV-0454-WMA, 2015 WL 7252662, at *2 (N.D. Ala. Nov. 17, 2015) (dismissing ADTPA claim characterized as sounding in fraud on limitations and preemption grounds but not discussing particularity); *Cheminova Am. Corp. v. Corker*, 779 So. 2d 1175, 1183-84 (Ala. 2000) (passing reference to "fraud-based claims" in ruling that trial did not err in finding ADTPA claims did not preempt certain other claims). |
| ALASKA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT, ALASKA STAT. § 45-50.471, ET SEQ. | *Builders Choice, Inc. v. Bostik, Inc.*, No. 3:10-cv-00052-TMB, 2010 WL 11619151, at *2 (D. Alaska Aug. 26, 2010) (declining to dismiss UTPCPA claim and finding that "the heightened fraud pleading standards of Rule 9(b) apply only to 'allegations of fraudulent conduct', not to [claims of] 'innocent or negligent misrepresentation'"). Moreover, the decisions cited by Samsung fail to address whether all claims arising under Alaska Unfair Trade Practices and Consumer Protection Act necessarily sound |

| STATE | AUTHORITY |
|---|---|
|  | in fraud and, consequently, whether Plaintiffs must adhere to the heightened particularity standard mandated by Rule 9(b). *See Van v. LLR, Inc.*, No. 3:18-cv-0197-HRH, 2020 WL 4810102, at *5-6 (D. Alaska Aug. 18, 2020) (no indication that the application of Rule 9(b) was contested in this action); *Keating v. Nordstrom, Inc.*, No. 3:17-cv-00030-SLG, 2018 WL 576825, at *7 (D. Alaska Jan. 26, 2018) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) for the proposition that "Rule 9's heightened pleading standard applies to state consumer protection statutes" without discussing whether all claims under the UTPCPA statute necessarily sound in fraud). *Cf. South Peninsula Hosp. v. Xerox State Healthcare LLC*, 223 F. Supp. 3d 929, 935, 940-01 (D. Alaska 2016) (explaining that "an act or practice need not be deceptive to be unfair" and applying "the 'facial plausibility' pleading standard" to Alaska UTPA claim). |
| ARIZONA CONSUMER FRAUD ACT, A.R.S. §§ 44-1521, ET SEQ. | *Botha v. Wright Med. Tech., Inc.*, No. CV 12-8037-PCT-JAT, 2012 WL 2675266, at *3 (D. Ariz. July 6, 2012) ("Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)."); *Vess v. Ciba–Geigy Corp.* USA, 317 F.3d 1097, 1105 (9th Cir. 2003) ("The only consequence of a holding that Rule 9(b) is violated with respect to a § 11 claim would be that any allegations of fraud would *be stripped from the claim*. The allegations of innocent or negligent misrepresentation, which are at the heart of a § 11 claim, would survive.") (emphasis in original). |
| ARKANSAS DECEPTIVE TRADE PRACTICES ACT, A.C.A. §§ 4-88-101, ET SEQ. | The decisions cited by Samsung fail to address whether all claims arising under the Arkansas Deceptive Trade Practices Act necessarily allege fraud and, consequently, whether Plaintiffs must adhere to the heightened particularity standard mandated by Rule 9(b). *See Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1085-86 |

| STATE | AUTHORITY |
|---|---|
|  | (E.D. Ark. 2013) (finding plaintiff who did not allege "any specific advertising that she saw or heard" or how she relied on it did not sufficiently plead reliance or injury); *Perez v. Volkswagen Grp. of Am.*, Inc., 2013 WL 1661434, at *8 (W.D. Ark. Apr. 17, 2013) (finding ADTPA claims "subject to dismissal" where plaintiff did not allege any false representations that defendant made to her or that she relied on particular false representations in deciding to buy product). |
| CALIFORNIA UNFAIR COMPETITION ACT, CAL. BUS. & PROF. CODE §§ 17200, ET SEQ. and CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, ET SEQ. | *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) ("fraud is not a necessary element of a claim under the CLRA and UCL" and "[w]here fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard"); *Bondarenko v. Wells Fargo Bank, N.A.*, No. CV-15-403-DMG (JEMx), 2016 WL 1622410, at *7 n.2 (C.D. Cal. Apr. 18, 2016) ("Plaintiffs bring a UCL claim for 'unlawful' practices not sounding in fraud, and the Rule 9(b) heightened pleading standard does not apply."); *Bautista v. Valero Mktg. & Supply Co.*, No. 15-CV-05557-RS, 2016 WL 3924117, at *2 (N.D. Cal. July 21, 2016) ("To plead claims under the UCL, CLRA, and FAL, a plaintiff is not always required to aver fraudulent conduct, as fraud is not an essential element under these provisions."); *Horvath v. LG Elecs. Mobilecomm U.S.A., Inc.*, No. 3:11-CV-01576-H-RBB, 2012 WL 2861160, at *9 (S.D. Cal. Feb. 13, 2012) ("Rule 9(b) does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct."). |
| COLORADO CONSUMER PROTECTION ACT, COLO. REV. | *1881 Extraction Co. LLC v. Kiinja Corp.*, Civil Action No. 22-cv-01225-NYW-MEH, 2023 WL 2424837, at *3 (D. Colo. Mar. 9, 2023) (court applied Rule 9 standard to common law claims for fraudulent and negligent |

| STATE | AUTHORITY |
|---|---|
| STAT. §§ 6-1-101, ET SEQ. | misrepresentation but did not discuss Rule 9 in analysis of Colorado CPA claim); *Dawson v. Litton Loan Servicing, LP*, No. Civil Action No. 12-cv-01334-CMA-KMT, 2013 WL 1283848, at *8 (D. Colo. Mar. 28, 2013) ("Plaintiffs must plead with particularity the deceptive trade practice that Defendants allegedly engaged in, but they need not plead with particularity the other elements of the claim."). |
| CONNECTICUT UNFAIR TRADE PRACTICES ACT, C.G.S.A. § 42-110B | *Tatum v. Oberg*, 650 F. Supp. 2d 185, 195 (D. Conn. 2009) (denying motion to dismiss CUTPA claim for lack or particularity because complaint alleged "a deceptive practice short of fraud" particularity and holding that "[i]t is well established that CUTPA claims need not contain the elements of fraud" and [t]hus, CUTPA claims brought in federal court only must satisfy Rule 9(b) if such claims are based on fraud allegations"); *Chapman v. Priceline Grp., Inc.*, No. 3:15-CV-1519(RNC), 2017 WL 4366716, at *4 (D. Conn. Sept. 30, 2017) ("[I]t is unnecessary for plaintiff to prove that Priceline committed fraud in order to prevail on his [CUTPA] claim based on the markup. Accordingly, the heightened pleading standard of Rule 9(b) does not apply."). |
| FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT FLA. STAT. §§ 501.201, ET SEQ. | *Weiss v. Gen. Motors LLC*, 418 F. Supp. 3d 1173, 1185 (S.D. Fla. 2019) ("[T]his Court joins the decisions holding that the requirements of Rule 9(b) do not apply to a claim under FDUTPA."); *Harris v. Nordyne, LLC*, No. 14-CIV-21884-BLOOM/Valle, 2014 WL 12516076, at *4 (S.D. Fla. Nov. 14, 2014) ("This Court joins several decisions in holding that the requirements of Rule 9(b) categorically do not apply to claims under FDUTPA."); *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012) (noting that "not all claims under FDUTPA will be based on fraud"); *In re Auto. Parts Antitrust Litig.*, No. 12-md-02311, 2013 WL 2456612, at *24 (E.D. Mich. June |

| STATE | AUTHORITY |
|---|---|
|  | 6, 2013) ("[T]he Court finds that Rule (9) is inapplicable to Plaintiff's FDUTPA claims, and the claims survive."). |
| GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. §§ 10-1399, ET SEQ. | *In re Arby's Rest. Grp. Inc. Litig.*, Civil Action No. 1:17-cv-0514-AT, 2018 WL 2128441, at *20 (N.D. Ga. Mar. 5, 2018) ("As the GFBPA must be liberally construed and interpreted consistently with the parallel FTCA case law, the Court finds that Rule 9(b) does not apply to Plaintiffs' GFBPA claim."); *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1381 (N.D. Ga. 2012) (applying the Rule 9(b) particularity requirement to claims of fraud, but not to claims under the GFBPA). |
| ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILL. COMP STAT. §§ 505, ET SEQ. and ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 ILL. COMP. STAT. §§ 510/1, ET SEQ. | *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) ("Rule 9(b)'s heightened pleading standard does not apply to an allegation of unfair conduct, because fraud is not a required element under that branch of the statute."); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) ("Because neither fraud nor mistake is an element of unfair conduct under Illinois' Consumer Fraud Act, a cause of action for unfair practices under the Consumer Fraud Act need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b)."); *Perdue v. Hy-Vee, Inc.*, 455 F. Supp. 3d 749, 768-69 (C.D. Ill. 2020) (finding claims under Illinois CFA and DTPA not subject to Rule 9(b)'s heightened pleading standards); *Publications Int'l, Ltd. v. Leapfrog Enterprises, Inc.*, No. 01 C 3876, 2002 WL 31426651, at *5–6 (N.D. Ill. Oct. 29, 2002) (applying Rule 8(a) notice pleading standard, finding that activity prohibited by Illinois Deceptive Trade Practices Act "does not necessarily constitute fraud in a manner that would implicate Fed.R.Civ.P. 9(b)"). |

| STATE | AUTHORITY |
|---|---|
| INDIANA DECEPTIVE CONSUMER SALES ACT, IND. CODE §§ 24-5-0.5-1, ET SEQ. | *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) ("Because neither fraud nor mistake is an element of unfair conduct under Illinois' Consumer Fraud Act, a cause of action for unfair practices under the Consumer Fraud Act need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b)."); *Himan v. Thor Indus., Inc.*, No. 3:21-CV-239 JD, 2022 WL 683650, at *13 (N.D. Ind. Mar. 8, 2022) (applying relaxed Rule 9(b) standard to fraud-based Indiana Deceptive Consumer Sales Act claim and denying motion to dismiss). |
| IOWA PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUDS ACT, IOWA CODE § 714H | *Perdue*, 455 F. Supp. at 768-69 (finding claims under Iowa Consumer Frauds Act "are not subject to Rule 9(b)'s heightened pleading standards"). |
| KANSAS CONSUMER PROTECTION ACT, K.S.A. §§ 50-623, ET SEQ. | *Perdue*, 455 F. Supp. at 768-69 (finding claims under Kansas Consumer Protection Act are not subject to Rule 9(b)'s heightened pleading standards); *Summit Elec. Supply Co., Inc. v. Int'l Bus. Machines Corp.*, No. 1:07-CV-0431 MCA/DJS, 2008 WL 11451895, at *2 (D.N.M. Mar. 31, 2008) (disagreeing with summary conclusion in *Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1524 (D. Kan. 1995 [cited by Samsung] that Rule 9(b) applies to claims under Kansas CPA). |
| LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER | *Mabile v. BP, P.L.C.*, Civil Action No. 11-1783, 2016 WL 5231839, at *24–25 (E.D. La. Sept. 22, 2016) (denying motion to dismiss LUTPA claims for failure to plead with specificity where complaint did not explicitly allege fraud or fraudulent conduct as basis for LUTPA claim but rather |

| STATE | AUTHORITY |
|---|---|
| PROTECTION LAW LA. REV. STAT. ANN. §§ 51:1401, ET SEQ. | misrepresentations, deceptive practices, and other "non-fraudulent conduct" also encompassed by LUTPA) (distinguishing *Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 721 (E.D. La. 2009) [cited by Samsung]). |
| MARYLAND CONSUMER PROTECTION ACT, MD. COMM. CODE §§ 13-301, ET SEQ. | The decisions cited by Samsung fail to address whether all claims arising under the Maryland Consumer Protection Act necessarily allege fraud and, consequently, whether Plaintiffs must adhere to the heightened particularity standard mandated by Rule 9(b). *See Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007) (Rule 9(b) applied only to MCPA claims regarding making false and misleading statements to plaintiffs); *Dwoskin v. Bank of Am., N.A.*, 850 F. Supp. 2d 557, 569-570 (D. Md. 2012) (Rule 9(b) applied to fraud-based MCPA claims for homeowners who had obtained a no fee fixed-rate mortgage on their residence, and who were later unable to refinance loan due to undisclosed lender-paid mortgage insurance taken out on the loan.). |
| MASSACHUSETTS CONSUMER PROTECTION ACT, MASS. GEN. LAWS. ANN. CH. 93A, §§ 1, ET SEQ. | *Schuster v. Dacey*, No. SUCV 2007-00617, 2008 WL 2415190, at *5 (Mass. Super. June 9, 2008) ("[A]lthough [MCPA] actions allege unfair and deceptive trade acts or trade practices, thereby falling into the general category of fraud, the concept of unfair or deceptive acts or practices goes far beyond the scope of a common law act for fraud and deceit and does not necessarily require similar pleading."). |
| MICHIGAN CONSUMER PROTECTION ACT, MICH. COMP. LAWS | *Game On Ventures, Inc. v. Gen. RV Ctr., Inc.*, 587 F. Supp. 2d 831, 839 (E.D. Mich. 2008) ("The MCPA is broader than common law torts of fraud inasmuch as it prohibits not only deceptive business practices but also those which are unfair and unconscionable."); *Pitts v. Monaco Coach Corp.*, 330 F. Supp. 2d 918, 929 (W.D. Mich. 2004) (denying motion for summary judgment "at |

| STATE | AUTHORITY |
|---|---|
| ANN. §§ 445.903, ET SEQ. | this early stage of the litigation" because "not all of Plaintiff's MCPA claims in this case are properly characterized as fraud claims"). |
| MINNESOTA CONSUMER FRAUD ACT, MINN. STAT. §§ 325F.68, ET SEQ. AND MINN. STAT. §§ 8.31, ET SEQ. | *Perdue*, 455 F. Supp. 3d at 768-69 (finding claims under Minnesota CFA and DTPA "are not subject to Rule 9(b)'s heightened pleading standards); *Vernon v. Qwest Commc'ns Int'l, Inc*., 643 F. Supp. 2d 1256, 1265 (W.D. Wash. 2009) ("Fraud is not an essential element of Plaintiffs' unjust enrichment or consumer protection act claims under Washington or Minnesota law because Plaintiffs have not alleged facts that constitute fraud and the gravamen of the complaint is not fraud."). |
| NEVADA CONSUMER FRAUD ACT NEV. REV. STAT. §§ 41.600, ET SEQ. And NEVADA DECEPTIVE TRADE PRACTICES ACT NEV. REV. STAT. ANN. §§ 598.0903, ET SEQ. | *Oaktree Capital Mgt., L.P. v. KPMG*, 963 F. Supp. 2d 1064, 1075 (D. Nev. 2013) ("Allegations of non-fraudulent conduct will be evaluated under the ordinary standards of Fed.R.Civ.P. 8(a)."); *Fredericks v. Lee*, No. 3:23-cv-00039-LRH-CLB, 2023 WL 5940065, at *3 (D. Nev. Sept. 11, 2023) ("Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)."); *Vested Hous. Group, LLC v. Principal Real Est. Inv'rs, LLC*, No. 2:13-cv-01643-RCJ-PAL, 2014 WL 129830, at *4 (D. Nev. Jan. 10, 2014) ("[A] plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements."), *aff'd*, 648 Fed. Appx. 646 (9th Cir. 2016). |
| NEW HAMPSHIRE CONSUMER PROTECTION ACT, N.H. REV. | The cases Samsung relies upon does not support its position. *In re Apple Processor Litig.*, No. 18-cv-00147-EJD, 2022 WL 2064975, at *4 (N.D. Cal. June 8, 2022), concerns a California court interpreting New Hampshire law). *Micronics Filtration Holdings, Inc. v. Miller*, Civil |

| STATE | AUTHORITY |
|---|---|
| STAT. §§ 358-A:1, ET SEQ. | No. 18-cv-303-JL, 2018 WL 4845749, at *6 (D.N.H. Oct. 4, 2018), actually supports Plaintiffs' position ("As [plaintiff] admits, the remainder of its claim relies on the allegation of false and malicious statements. But Rule 9(b) applies to allegations supporting a NHCPA claim that sound in fraud.") (citing *Archdiocese of San Salvador v. FM Intern.*, Inc., No. 05-CV-237-JD, 2006 WL 437493 at *7 (D.N.H.)), and thus Rule 9(b) does not apply to non-fraudulent conduct. |
| NEW JERSEY CONSUMER FRAUD ACT N.J.S.A. §§ 56:8-1, ET SEQ. | *In re NorVergence, Inc.*, 424 B.R. 663, 681-82 (Bankr. D.N.J. 2010) ("[A] defendant may be liable under the NJCFA as a result of engaging in an unconscionable commercial practice without also engaging in an act of fraud…[w]here as here, plaintiffs' claims are not premised on fraud, which is governed by Fed.R.Civ.P. 9(b), but rather seek [ ] a remedy for conduct outside the reach of traditional common law torts such as fraud, Rule 9(b) does not apply."). |
| NEW MEXICO UNFAIR PRACTICES ACT, N.M. STAT. ANN. §§ 57-12-2, ET SEQ. | *New Mexico v. Capital One Bank (USA) N.A.*, 980 F. Supp. 2d 1314, 1320 (D.N.M. 2013) ("[C]ourts in this district have held that Rule 9(b) does not apply to claims under the NMUPA."); *Woodard v. Fid. Nat. Title Ins. Co.*, No. CIV 06-1170 RB/WDS, 2007 WL 5173415, at *6 (D.N.M. Dec. 4, 2007) ("The Tenth Circuit does not impose the Fed.R.Civ.P. 9(b) heightened pleading requirement upon unfair trade practices claims, and New Mexico courts do not require plaintiffs to plead such claims with particularity."); *Skyline Potato Co., Inc. v. Tan–O–On Mktg., Inc.*, 879 F. Supp. 2d 1228, 1270-71 (D.N.M. 2012) (same). |
| NEW YORK | *Not challenged* |

| STATE | AUTHORITY |
|---|---|
| NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, N.C. GEN. STAT. ANN. §§ 751.1., ET SEQ. | *Johnson v. Lendlease (US) Pub. Partnerships LLC*, No. 7:21-CV-188-D, 2022 WL 2447091, at *14 (E.D.N.C. July 5, 2022) ("Rule 9(b) does not require dismissal of the Johnsons' UDTPA claim. As for unfair practices, the Johnsons plausibly allege a breach of the implied warranty of habitability, RRAA violations, and the offering, marketing, and leasing of substandard rental housing in exchange for the Johnsons' full BAH. . . . These claims sound more broadly than fraud and are not subject to Rule 9(b)."); *Burn v. Lend Lease (US) Pub. Partnerships LLC*, No. 7:20-CV-174-D, 2021 WL 4164685, at *8 (E.D.N.C. Sept. 13, 2021) ("A UDTPA claim, however, may sound more broadly than fraud.") (citing *Gress v. Rowboat Co.*, 661 S.E.2d 278, 281 (2008) (holding that to prevail on a UDTPA claim, "it is not necessary for the plaintiff to show fraud, bad faith, deliberate or knowing acts of deception, or actual deception, but plaintiff must . . . show that the acts complained of possessed the tendency or capacity to mislead, or created the likelihood of deception.")). |
| OHIO CONSUMER SALES PRACTICES ACT, OHIO REV. CODE §§ 1345.01, ET SEQ. and OHIO DECEPTIVE TRADE PRACTICES ACT, OHIO REV. CODE §§ 4165.01, ET SEQ. | *Ewalt v. Gatehouse Media Ohio Holdings II, Inc.*, No. 2:19-cv-4262, 2021 WL 825978, at *16 (S.D. Ohio Mar. 4, 2021) ("Given the broad remedial purpose of the statute, this Court contemplates that only the Rule 8 standard is required."); *Ferron v. Search Cactus, L.L.C.*, No. 2:06-cv-327, 2007 WL 1792332, at *4 (S.D. Ohio June 19, 2007) ("Plaintiff is alleging violations of the OCSPA, not fraud. And fraud is not an element needed to establish a violation of the OCSPA. As its language makes plain, the statute is focused on "unfair," "deceptive," or "unconscionable" consumer sales practices. O.R.C. §§ 1345.02-1345.03. Similarly to Plaintiff's complaint, the word 'fraud' is nowhere to be found in the statute. Requiring Plaintiff to follow Rule 9(b), therefore, is both irrelevant and unnecessary."); *McKinney v. Microsoft Corp.*, No. 1:10-CV-354, 2011 WL 13228141, at *14 (S.D. Ohio May 12, |

| STATE | AUTHORITY |
|---|---|
| | 2011) ("[T]he Court is also not convinced that Plaintiff's OCSPA claim is a sufficient 'averment of fraud' or a claim that sufficiently 'sounds in fraud,' such that could require the Court to apply Rule 9(b) to Plaintiff's OSCPA claim."). |
| OKLAHOMA CONSUMER PROTECTION ACT, OKLA. STAT. TIT. 15, §§ 751, ET SEQ. | *Woodard*, 2007 WL 5173415, at *6 ("The Tenth Circuit does not impose the Fed.R.Civ.P. 9(b) heightened pleading requirement upon unfair trade practices claims[.]"). |
| OREGON UNLAWFUL TRADE PRACTICES ACT, OR. REV. STAT. §§ 646.605, ET SEQ. | *Banks v. Martin*, 717 P.2d 1192, 1196 (1986) (Plaintiff need not prove the elements of common law fraud in order to recover under the UTPA: "The elements of the cause of action are specified in the statute, and the consumer may recover by alleging and proving that there was a willful violation of the provisions of the act and ascertainable damages as a result of the violation. There is no requirement that the representations which constitute a willful violation of the act be made to the injured consumer. Had the legislature intended that a consumer proved all the elements of common law fraud in order to recover damages, it would have been unnecessary to create a cause of action by statute."). |
| PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 PA. CONS. STAT. §§ 2011, ET SEQ. | *Seldon v. Home Loan Services, Inc.*, 647 F. Supp. 2d 451, 469–70 (E.D. Pa. 2009) ("[F]or plaintiffs' claim under the UTPCPL's catchall provision, to the extent plaintiffs allege deceptive conduct, plaintiffs do not need to allege the elements of common law fraud or, as a result, meet Rule 9(b)'s particularity requirement, which applies only to claims of fraud."); *Christopher v. First Mut. Corp.*, No. Civ.A. 05-01149, 2006 WL 166566, at *3 (E.D. Pa. Jan. 20, 2006) ("If a plaintiff alleges deceptive conduct under |

| STATE | AUTHORITY |
|---|---|
| | the UTPCPL, however, he need not meet the traditional heightened pleading standard."). |
| RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT, R.I. GEN. LAWS §§ 6-13.1, ET SEQ. | *Long v. Dell, Inc.*, 93 A.3d 988, 1003 ("[T]o prove that a trade practice is deceptive under RIDTPA, a plaintiff must set forth three elements: (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under the circumstances, and (3) the representation, omission, or practice is material."), Samsung cites no Rhode Island authority for its assertion that Rule 9(b) applies to RIDTPA under all circumstances. |
| SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT, S.C. CODE ANN. §§ 39-5-10, ET SEQ. | *Kirby v. Red Bull N.A., Inc.*, C/A No. 3:19-CV-2701-CMC, 2020 WL 509139, at *3 (D.S.C. Jan. 31, 2020) ("As conceded by Defendant, no case was found holding SCUTPA claims must meet the pleading requirements of Rule 9(b). Further, an 'unfair' trade practice could be unethical or oppressive without being fraudulent or deceptive, and would still be actionable under this statute."). |
| TENNESSEE CONSUMER PROTECTION ACT, TENN. CODE ANN. §§ 4718-101, ET SEQ. | *Not challenged.* |
| TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT, | *Prophet v. Myers*, 645 F. Supp. 2d 614, 618 (S.D. Tex. 2008) (citing numerous cases holding that Rule 9(b) does not apply to the Texas DTPA). |

| STATE | AUTHORITY |
|---|---|
| TEXAS BUS. & COM. CODE § 17.41, ET SEQ. | |
| WASHINGTON CONSUMER PROTECTION ACT, WASH. REV. CODE §§ 19.86.020, ET SEQ. | *Vernon*, 643 F. Supp. 2d at 1265 ("Fraud is not an essential element of Plaintiffs' unjust enrichment or consumer protection act claims under Washington or Minnesota law because Plaintiffs have not alleged facts that constitute fraud and the gravamen of the complaint is not fraud."); *Trask v. Butler*, 872 P.2d 1080, 1086 (Wash. 1994) (finding CPA claim subject to pleading standard of Washington Rules of Civil Procedure 8, which is identical to Fed. R. Civ. P. 8). |
| WISCONSIN DECEPTIVE TRADE PRACTICES ACT WIS. STAT. § 100.18 | *T&M Farms v. CNH Indus. Am., LLC*, No. 19-C-0085, 2020 WL 1082768, at *10 (E.D. Wis. Mar. 5, 2020) ("A claim under § 100.18 is not a claim for fraud and therefore does not have to be pleaded with particularity."); *Perdue*, 455 F. Supp. 3d at 768-69 (C.D. Ill. 2020) (finding claims under Wisconsin DTPA "are not subject to Rule 9(b)'s heightened pleading standards"); *Hinrichs v. Dow Chem. Co.*, 937 N.W.2d 37, 53-55 (Wisc. 2020) (declining to apply the Wisconsin Civil Rules standard for pleading with particularity, which is similar to FRCP 9(b), stating that the DTPA does not sound in fraud, does not provide for a remedy for common law fraud claims, and the higher pleading standards "would run counter" to the purpose of the law). |

# APPENDIX B

## Chart 5

**Samsung Had a Duty to Disclose Omitted Information Because of Its Superior Knowledge of the Facts and to Correct Its Misrepresentations**
(*Cf.* Samsung App'x 12)

| STATE | AUTHORITY |
|---|---|
| **Alabama** | *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, 406 F. Supp. 3d 618, 638 (E.D. Mich. 2019) ("Under Alabama law, courts look to several factors in determining whether the particular circumstances of a case require[ ] disclosure: (1) the relationship of the parties; (2) the relative knowledge of the parties; (3) the value of the particular fact; (4) the plaintiffs' opportunity to ascertain the fact; (5) the customs of the trade; and (6) other relevant circumstances. One of the other relevant circumstances is whether a defendant has made any affirmatively false statements."); *Bethel v. Thorn*, 757 So.2d 1154, 1162 (Ala. 1999) (listing circumstances under which duty to disclose may arise); *Hurry v. Gen. Motors LLC*, 622 F. Supp. 3d 1132, 1156 (M.D. Ala. 2022) ("A duty to disclose may be found to exist when one person has superior knowledge of a material fact and the failure to disclose that fact would induce another person to take an action he or she would not take if they knew that fact."); *In re Takata Airbag Prod. Liab. Litig.*, 193 F. Supp. 3d 1324, 1336-1337 (S.D. Fla. 2016) (finding plaintiff adequately alleged duty to disclose under Alabama law based on incomplete representations and knowledge of defect). |
| **Alaska** | *Not challenged by Samsung.* |
| **Arizona** | *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 830 (D. Ariz. 2016) (rejecting argument that Arizona CFA claim based on |

| STATE | AUTHORITY |
|-------|-----------|
|  | omission must show defendant had a duty to disclose); *State ex rel. Horne v. AutoZone, Inc*., 275 P.3d 1278, 1281 (Ariz. 2012) ("[T]he CFA itself imposes the actionable duty—to refrain from a 'deceptive act or practice' or an 'omission of any material fact with intent that others rely' thereon.") (quoting statute); *In re Gen. Motors*, 406 F. Supp. at 639 (E.D. Mich. 2019) ("Arizona does not require a duty to disclose to support a claim for fraudulent concealment.") |
| **Arkansas** | *Holiday Inn Fran., Inc. v. Hotel Associates, Inc.*, 382 S.W.3d 6, 12 (Ark. App. 2011) (explaining "[t]he duty to disclose is not limited to confidential or fiduciary relationships" and "[a] duty of disclosure may exist where information is peculiarly within the knowledge of one party and is of such a nature that the other party is justified in assuming its nonexistence"); *Zimpel v. Trawick*, 679 F. Supp. 1502, 1509 (W.D. Ark. 1988) (duty to disclose may be based on partial disclosure). |
| **California** | *Shay v. Apple Inc*., 512 F. Supp. 3d 1066, 1074 (S.D. Cal. 2021) (denying motion to dismiss unfair competition claim based on failure to disclose vulnerability of gift cards; "Courts have also held that a duty to disclose under the CLRA and UCL can arise in four circumstances: '(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.'"); *In re Volkswagen*, 2017 WL 1902160, at *19 and n.9 (noting California recognizes "a duty to disclose where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"). |

| STATE | AUTHORITY |
|---|---|
| **Colorado** | Duty to disclose material information:<br><br>*Warner v. Ford Motor Co.*, No. 06-cv-02443-JLK-MEH, 2008 WL 4452338, at *9 (D. Colo. Sept. 30, 2008) ("Under the CCPA, a 'fail[ure] to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale' is a deceptive trade practice 'if such failure to disclose such information was intended to induce the consumer to enter into a transaction.'") (quoting statute); *Faulhaber v. Petzl Am., Inc.*, No. 22-cv-00102-CNS-SKC, 2023 WL 1993612, at *5 (D. Colo. Feb. 14, 2023) (listing elements for material omission claim as "(1) failure to disclose material information, (2) defendant's knowledge of information, (3) information is material, (4) non-disclosure was intended to induce consumer to purchase"); *Monson v. Country Preferred Ins. Co.*, No. 17-CV-02130-RBJ, 2018 WL 11016704, at *7 (D. Colo. Sept. 28, 2018) ("The plain language of C.R.S. § 6-1-105(1)(u) suggest that in proving a cause of action based on an omission, a plaintiff must establish four facts: (1) that the defendant failed to disclose information concerning goods or services to consumers; (2) defendant knew this information at the time of the advertisement or sale of the goods or services; (3) the non-disclosed information was material; (4) defendant did not disclose this information with the intent to induce the consumer into the transaction."); *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 223-24 (S.D.N.Y. 2012) (under Colorado law, "[a] defendant has a duty to disclose to a plaintiff with whom he or she deals material facts that 'in equity or good conscience should be disclosed.'"); *James v. Penguin Grp. (USA) Inc.*, No. 13-cv-2801 (DLC), 2014 WL 1407697, at *12 (S.D.N.Y. Apr. 11, 2014) (same); *In re Volkswagen*, 2017 WL 1902160, at *19 and n.9 (noting Colorado recognizes "a duty to disclose |

| STATE | AUTHORITY |
|---|---|
| | where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"). |
| **Connecticut** | *Wedig v. Brinster*, 469 A.2d 783, 788 (Conn. App. 1983) (once a party assumes to speak, it must make a full and fair disclosure); *In re Volkswagen*, 2017 WL 1902160, at *19 and n.9 (*citing BAC Home Loans Serv. v. Farina*, 2010 Conn. Super. LEXIS 4929, *1-2 (Conn. Super. Ct. June 2, 2010)) (noting Connecticut recognizes "a duty to disclose where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"). |
| **Florida** | Superior knowledge:<br><br>*In re Volkswagen*, 2017 WL 1902160, at *19 and n.9 (noting Florida recognizes "a duty to disclose where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"); *Majdipour v. Jaguar Land Rover N. Am., LLC*, No. 12-cv-07849 WHW, 2015 WL 1270958, at *13 (D.N.J. Mar. 18, 2015) ("In buyer-seller relationships, Florida courts have found that a duty to disclose may arise from a seller's exclusive knowledge of a material fact."); *Nessim v. DeLoache*, 384 So 2d 1341, 1344 (Fla. App. 1980) (one party has superior knowledge and fails to disclose a material fact).<br><br>Partial disclosure:<br><br>*Taylor, Bean & Whitaker Mortg. Corp. v. GMAC Mortg. Corp.*, No. 05-CV-260-OC-GRJ, 2008 WL 3200286, at *3 (M.D. Fla. Aug. 6, 2008) ("[W]here a party in an arm's length transaction undertakes to disclose information, all material facts must be disclosed."); *Nicholson v. Kellin*, 481 So.2d 931, 936 (Fla. App. 1985) (partial disclosure). |

| STATE | AUTHORITY |
|-------|-----------|
| **Georgia** | Superior knowledge:<br><br>*Amin v. Mercedes-Benz USA, LLC*, 301 F. Supp. 3d 1277, 1296 (N.D. Ga. 2018) (duty to disclose may arise when one party has superior knowledge); *Nalley v. Gen. Motors LLC*, No. 21-CV-04174-WMR, 2022 WL 18459646, at *6 (N.D. Ga. Aug. 30, 2022) (same); *Monopoli v. Mercedes-Benz USA, LLC*, No. 21-CV-01353-SDG, 2022 WL 409484, at *11 (N.D. Ga. Feb. 10, 2022) (same); *Thompson v. Smith Barney, Harris Upham & Co.*, 539 F. Supp. 859, 864 (N.D. Ga. 1982) ("[A]ctionable fraud may arise, even absent a fiduciary relationship, where there is active concealment of a latent defect or an intrinsic quality of the property being sold which is difficult for the purchaser to discover. Similarly, one who takes advantage of a party he knows to be laboring under a delusion may be liable for fraud, even absent a fiduciary relationship."), *aff'd*, 709 F.2d 1413 (11th Cir. 1983); *Woodall v. Orkin Exterminating Co.*, 332 S.E.2d 173, 174 (Ga. Ct. App. 1985) ("Concealment of material facts may amount to fraud ... where the concealment is of intrinsic qualities of the article which the other party by the exercise of ordinary prudence and caution could not discover; and misrepresentation may be perpetrated by acts as well as words, and by artifices designed to mislead."). |
| **Illinois Consumer Fraud sec. 505** | *Not challenged by Samsung.* |
| **Illinois DTPA sec 510** | *Not challenged by Samsung.* |
| **Indiana** | *Not challenged by Samsung.* |
| **Iowa** | *Not challenged by Samsung.* |

5

| STATE | AUTHORITY |
|-------|-----------|
| **Kansas** | *In re Volkswagen*, 2017 WL 1902160, at *19 and n.9 (D.N.J. May 8, 2017) (noting Kansas recognizes "a duty to disclose where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"); *Ensminger v. Terminix Int'l Co.*, 102 F.3d 1571, 1574 (10th Cir. 1996) (recognizing duty to disclose under Kansas law based on superior knowledge); *Wolf v. Brungardt*, 524 P.2d 726, 734 (Kan. 1974) ("Where one party to a contract or transaction has superior knowledge, or knowledge which is not within the fair and reasonable reach of the other party and which he could not discover by the exercise of reasonable diligence, or means of knowledge which are not open to both parties alike, he is under a legal obligation to speak, and his silence constitutes fraud, especially when the other party relies upon him to communicate to him the true state of facts to enable him to judge of the expedience of the bargain."). |
| **Louisiana** | *Delaware Valley Fish Co. v. 3South LLC*, 601 F. Supp. 3d 7, 26 (M.D. La. 2022) ("Defendants in the present case have allegedly made partial disclosures of information giving rise to a duty to disclose."); *Trinity Med. Servs., L.L.C. v. Merge Healthcare Sols., Inc.*, No. 17-cv-592-JWD-EWD, 2019 WL 3240048, at *10 (M.D. La. July 18, 2019) (finding duty to disclose based on partial disclosure). |
| **Maryland** | *In re Volkswagen*, 2017 WL 1902160, at *19 and n.9 (noting Maryland recognizes "a duty to disclose where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"); *Dean v. Beckley*, No. 10-cv-297 CCB, 2010 WL 3928650, at *5 (D. Md. Oct. 1, 2010) ("Even in transactions conducted at arm's-length, a duty [to disclose] may arise (1) if the fact is material and the one concealing has superior knowledge and knows the other is acting upon the assumption that the fact |

| STATE | AUTHORITY |
|---|---|
| | does not exist; or (2) if one party takes actions which divert the other party from making prudent investigations."). |
| **Massachusetts** | *Not challenged by Samsung.* |
| **Michigan** | *In re Volkswagen*, 2017 WL 1902160, at \*19 and n.9 (noting Michigan recognizes "a duty to disclose where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"); *Est. of Pilgrim v. Gen. Motors LLC*, 596 F. Supp. 3d 808, 824 (E.D. Mich. 2022) (finding plaintiffs' allegations of superior knowledge were sufficient to show duty to disclose); *Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1291 (E.D. Mich. 2021) (same), *reconsideration denied*, No.19-cv-12333-TGB-DRG, 2021 WL 5745695 (E.D. Mich. Nov. 9, 2021). |
| **Minnesota**<br><br>**(Consumer Fraud Act and Uniform Deceptive Trade Practices Act)** | Superior knowledge:<br><br>*In re Volkswagen*, 2017 WL 1902160, at \*19 and n.9 (noting Minnesota recognizes "a duty to disclose where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"); *Taqueria El Primo LLC v. Illinois Farmers Ins. Co.*, No. 19-cv-3071 (JRT/ECW), 2023 WL 5960237, at \*17 (D. Minn. Sept. 13, 2023) (finding duty to disclose based on one party having "special knowledge of material facts . . . which the other party did not").<br><br>Partial disclosure:<br><br>*M.H. v. Caritas Fam. Servs.*, 488 N.W.2d 282, 288 (Minn. 1992) ("We long ago recognized that even if one has no duty to disclose a particular fact, if one chooses to speak he must say enough to prevent the words from misleading the other party."); *Simonsen v. BTH Properties*, 410 N.W.2d 458, 460 (Minn. Ct. App. 1987) ("One who speaks must say |

| STATE | AUTHORITY |
|---|---|
| | enough to prevent his words from misleading the other party."). |
| **Nevada** | Superior knowledge:<br><br>*In re Volkswagen*, 2017 WL 1902160, at *19 and n.9 (noting Nevada recognizes "a duty to disclose where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"); *Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1291 (E.D. Mich. 2021) (recognizing duty to disclose under Nevada law based on superior knowledge), *reconsideration denied*, No. 19-CV-12333, 2021 WL 5745695 (E.D. Mich. Nov. 9, 2021); *Villalon v. Bowen*, 273 P.2d 409, 414-15 (Nev. 1954) ("Yet, even in absence of a fiduciary or confidential relationship and where the parties are dealing at arm's length, an obligation to speak can arise from the existence of material facts peculiarly within the knowledge of the party sought to be charged and not within the fair and reasonable reach of the other party."). |
| **New Hampshire** | *Not challenged by Samsung.* |
| **New Jersey** | *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 234 (D.N.J. 2020) (partial disclosure); *In re Volkswagen*, 2017 WL 1902160, at *20 (New Jersey law imposes a duty to disclose when a defendant has made a partial disclosure."); *id.* at *23 (applying same standard to statutory fraud claim). |
| **New Mexico** | *Epic Energy LLC v. Encana Oil & Gas (USA) Inc.*, No. 19-cv-0131 RB/JHR, 2019 WL 4303325, at *8 (D.N.M. Sept. 11, 2019) ("In determining whether a party has a duty to disclose material facts, courts 'typically consider a number of factors, including the relationship between the parties, the relative knowledge of the parties, the reasonable |

| STATE | AUTHORITY |
|---|---|
| | expectations of the plaintiff, the practices or customs of the trade, and other relevant circumstances.'"). <br><br> Partial disclosure: <br><br> *Everett v. Gilliland*, 141 P.2d 326, 331 (N.M. 1943) ("If he, the defendant . . . was under no obligation to speak, but having undertaken to do so, even through a third party upon whom he knew the plaintiff relied for information, and seeing that the plaintiff was being misled by said misinformation or by withholding information material to the transaction, it was his duty to speak."); *Wirth v. Com. Res., Inc.*, 630 P.2d 292, 297 (N.M. App. 1981) ("To reveal some information on a subject triggers the duty to reveal all known material facts."). |
| **New York** | *Not challenged by Samsung.* |
| **North Carolina** | Superior Knowledge: <br><br> *In re Volkswagen*, 2017 WL 1902160, at *19 and n.9 (D.N.J. May 8, 2017) (noting North Carolina recognizes "a duty to disclose where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"); *Everts v. Parkinson*, 555 S.E.2d 667, 672 (N.C. App. 2001) ("This State has long recognized that '[w]here a material defect is known to the seller, and he knows that the buyer is unaware of the defect and that it is not discoverable in the exercise of the buyer's diligent attention or observation, the seller has a duty to disclose the existence of the defect to the buyer.'"). <br><br> Partial disclosure: <br><br> *Shaver v. N.C. Monroe Const. Co.*, 306 S.E.2d 519, 525 (N.C. 1983) ("Although there was no fiduciary relationship |

| STATE | AUTHORITY |
|---|---|
| | in the case before us, there were 'other attendant circumstances' to justify the instruction [that silence could constitute actionable fraud] to the jury. Defendants were under no duty to speak, but once the Company spoke, it was required to make a full and fair disclosure as to the matters discussed.") (citing *Ragsdale v. Kennedy*, 209 S.E.2d 494, 501 (N.C. 1974)) (same). |
| **Ohio** | *Not challenged by Samsung.* |
| **Oklahoma** | *Hampton v. Gen. Motors*, LLC, 631 F. Supp. 3d 1041, 1049 (E.D. Okla. 2022) ("Under Oklahoma law, a duty to speak may arise from partial disclosure if, under the circumstances, partial disclosure is misleading."); *id.* at 1050 (finding plaintiff adequately pleaded Consumer Protection Act claim based on GM's failure to disclose defect). |
| **Oregon** | *Not challenged by Samsung.* |
| **Pennsylvania** | *In re Volkswagen*, 2017 WL 1902160, at *19 and n.9 (noting Pennsylvania recognizes "a duty to disclose where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"). |
| **Rhode Island** | *Not challenged by Samsung.* |
| **South Carolina** | *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 1010 (N.D. Cal. 2018) (duty to disclose when "[i]f in addition to the party's silence there is any statement, even in word or act on his part, which tends affirmatively to a suppression of truth, or to a withdrawal or distraction of the other party's attention or observation from the real facts") (quoting *Holly Hill Lumber Co. v. McCoy*, 23 S.E.2d 372, 378 (S.C. 1942)); *In* |

| STATE | AUTHORITY |
|---|---|
| | *re Atlas Roofing Corp. Chalet Shingle Prod. Liab. Litig.*, 22 F. Supp. 3d 1322, 1329 (N.D. Ga. 2014) (applying South Carolina law and finding duty to disclose defect because material facts were accessible to vendor only and could not have reasonably be uncovered by buyer); *Pruitt v. Morrow*, 342 S.E.2d 400, 401 (S.C. 1986) ("Where material facts are accessible to the vendor only, and he knows them not to be within reach of the diligent attention, observation and judgment of the purchaser, the vendor is bound to disclose such facts and make them known to the purchaser."). |
| Tennessee | *Bearden v. Honeywell Int'l Inc.*, 720 F. Supp. 2d 932, 941 (M.D. Tenn. 2010) ("A seller must 'disclose enough information to prevent its statements from being misleading,' . . . and it must 'disclose basic, material information if it knows that the buyer is about to act without knowledge of the information and is without reasonable means to acquire the information itself.'") |
| Texas | *Stevens v. Ford Motor Co.*, No. 18-CV-456, 2020 WL 12573279, at *7 (S.D. Tex. Nov. 2, 2020) ("While the existence of a duty is a question of law, it is not appropriate to make a dispositive determination until the facts on which the duty is predicated are developed with evidence."); *White v. Zhou Pei*, 452 S.W.3d 527, 537-38 (Tex. App. 2014) (duty to disclose based on partial disclosure). |
| Washington | *In re Volkswagen*, 2017 WL 1902160, at *19 and n.9 (noting Washington recognizes "a duty to disclose where the defendant possesses exclusive or superior knowledge or actively conceals the omitted information"). |
| Wisconsin | *Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 699 N.W.2d 205, 213 (Wis. 2005) (finding duty to disclose "where: (1) the fact is material to the transaction; (2) the party with knowledge of that fact knows that the other party is about to |

| STATE | AUTHORITY |
|---|---|
| | enter into the transaction under a mistake as to the fact; (3) the fact is peculiarly and exclusively within the knowledge of one party, and the mistaken party could not reasonably be expected to discover it; and (4) on account of the objective circumstances, the mistaken party would reasonably expect disclosure of the fact*"); Weaver v. Champion Petfoods USA Inc.*, No. 18-CV-1996-JPS, 2019 WL 2774139, at *6 (E.D. Wis. July 1, 2019) (noting Wisconsin law does not require intimate relationship, such as between fiduciaries). |

**APPENDIX B**

**Chart 6**

**Reliance is Not Required, May Be Presumed, or Need Not Be Reasonable**
(*Cf.* Samsung Appx 13)

| STATE | AUTHORITY |
|---|---|
| **Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-1,** *et seq.* | Samsung relies on Ala. Code §§ 8-19-10(e), the pre-suit notice provision of the statute, for the proposition that reliance is an element of Plaintiffs' claim. *But see Suchanek v. Sturm Foods, Inc*., No. 11-CV-565-NJR-RJD, 2018 WL 6617106, at *6, *9 (S.D. Ill. July 3, 2018) (holding that "the ADTPA permits a rebuttable presumption of causation *and reliance* once Plaintiffs show (1) Defendants engaged in deceptive conduct; (2) a reasonable consumer would rely on the deception; (3) Plaintiffs purchased Defendants' product; and (4) Defendants widely disseminated the deception" and finding ADTPA claims susceptible of class-wide proof) (emphasis added). |
| **Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. §§ 45-50-471,** *et seq.* | Samsung relies on Alaska Stat. §§ 45-50-471(b)(12), defining "unfair methods of competition" and "unfair or deceptive acts or practices" for the proposition that reliance is an element of Plaintiffs' claim. *But see Kenai v. Chrysler Ctr., Inc., Denison*, 167 P.3d 1240 (Alaska 2007) ("[A] prima facie case of unfair or deceptive acts or practices under the UTPA requires proof of two elements: (1) that the defendant is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred. . . .  [A]n act or practice can be unfair without being deceptive.") (internal quotation marks and footnote omitted); *S. Peninsula Hosp. v. Xerox State Healthcare LLC*, 223 F. Supp. 3d 929, 940-41 (D. Alaska 2016) ("An act or practice is deceptive or unfair |

| | if it has the capacity or tendency to deceive. Actual injury as a result of deception is not required, nor is any intent to deceive. All that is requires is a showing that the acts and practices were *capable of being interpreted in a misleading way*.") (emphasis added). |
|---|---|
| **Arizona Consumer Fraud Act, A.R.S. §§ 44-1521, *et seq.*** | *Parks v. Macro-Dynamics, Inc.*, 591 P.2d 1005, 1008 (Ariz. Ct. App. 1979) ("unlike common law fraud," reliance required for statutory fraud claim under Ariz. Rev. Stat. § 44-1522 "need not be reasonable"); *Siemer v. Assocs. First Cap. Corp.*, No. CV97-281TUCJMRJCC, 2001 WL35948712, at *4 (D. Ariz. Mar. 30, 2001) (certifying class for Arizona Consumer Fraud Act claims and stating that "the Court need not evaluate the reasonableness of the Plaintiffs' reliance because under the statute, reliance does not have to be reasonable"). |
| **Arkansas Deceptive Trade Practices Act, A.C.A. §§ 4-88-101, *et seq.*** | Samsung relies in part on *Moore v. Mack's Sport Shop, LLLP*, No. 4:16-CV-00540-KGB, 2017 WL 4350980, at *8 (E.D. Ark. Sept. 29, 2017), but *Moore* distinguished between the reliance standard for "false advertising ADTPA claims" and the reliance standard for "misrepresentations . . . by silence," which is "slightly different under Arkansas law." *Id.* "A party relying on misrepresentation-by-silence must show "that the ascertainment of the undisclosed fact was not within the reach of the [party]'s diligent attention or observation." *Id.* For any claims arising prior to the 2017 amendment that added "reliance" to the ADTPA, *see Pleasant v. McDaniel*, 550 S.W.3d 8, 12 (Ark. App 2018) (finding that reliance was not an element of ADTPA claim). |
| **California Unfair Competition Law, Cal. Bus. and Prof.** | Samsung relies in part on *Friedman v. AARP, Inc.*, 855 F.2d 1047 (9th Cir. 2017), which explained that "to have alleged reliance on Defendants' misrepresentation of material facts" for a UCL claim, the plaintiff "only needed establish it to be plausible that a 'reasonable |

| | |
|---|---|
| **Code §§ 17200 _et seq._ (UCL)**<br><br>**And**<br><br>**California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, _et seq._ (CLRA)** | man would attach importance to [their] existence or nonexistence in determining his choice of action in the transaction in question'" and "whether a misrepresentation is sufficiently material to allow for an inference of reliance 'is generally a question of fact unless the fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it.'" _Id._ at 1056; _Tobacco II Cases_, 207 P.3d 20, 35 (Cal. 2009) ("noting that courts have "repeatedly and consistently" held that "relief under the UCL is available without individualized proof of deception, reliance and injury"); _In re Anthem, Inc. Data Breach Litig._, No. 15-MD-02617-LHK, 2016 WL 3029783, at *35 (N.D. Cal. May 27, 2016) (holding that with respect to UCL claims based on omissions, reliance can be proven "by establishing that had the omitted information been disclosed, the plaintiff would have been aware of it and behaved differently").<br><br>For the elements of a CLRA claim, Samsung relies on _Smallman v. MGM Resorts Int'l_, 638 F. Supp. 3d 1175, 1204 (D. Nev. Nov. 2, 2022). _Smallman_ explained that "CLRA claims are governed by the reasonable consumer test" and that the "CLRA applies the same standard as the UCL for determining whether a defendant engaged in fraud by omission." _Id_; _see also Suchanek v. Sturm Foods, Inc._, No. 11-CV-565-NJR-RJD, 2018 WL 6617106, at *6, *16 (S.D. Ill. July 3, 2018) ("When the consumer shows the complained-of misrepresentation would have been material to any reasonable person, he or she has carried the burden of showing actual reliance and causation of injury for each member of the class."). |
| **Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, _et seq._** | Samsung relies on _Crowe v. Tull_, 126 P.3d 196, 211 (Colo. 2006), for the proposition that "reliance" is an element of Plaintiffs' claim under the CCPA. But _Crowe_ discussed reliance in the context of establishing |

| | |
|---|---|
| | a causal nexus between the defendant's action and the plaintiff's injury and did not hold that reliance was a separate element of the cause of action. *See id.* at 209 ("Under section 6-1-113 of the CCPA, to maintain a private claim for relief, a plaintiff must demonstrate an injury in fact to a legally protected interest caused by the challenged deceptive trade practice.") "Causation is a question of fact reserved for the jury or trier of fact." *Id.* at 210. *Accord Hall v. Walter*, 969 P.2d 224, 225, 236 (Colo. 1998) (specifying elements of private cause of action under CCPA that include causation, which "is a question of fact," but not including reliance). |
| **Connecticut** | *Not challenged by Samsung.* |
| **Florida** | *Not challenged by Samsung.* |
| **Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390, *et seq.*** | Samsung relies on the pre-suit notice provision of the GFBPA and on *In re Arby's Rest. Grp. Inc. Litig.*, 317 F. Supp. 3d 1222, 1224 (N.D. Ga. 2018), for the proposition that "reliance" is an element of Plaintiffs' claim under the GFBPA. But the court held that "[i]n light of . . . rulings in similar data breach cases, the statutory language itself, pleading expectations under the specific circumstances, the purpose of the GFBPA, and the amended allegations" in the complaint that was before the court, the plaintiffs "sufficiently alleged both a violation of the Act and reliance *to show causation* as required by O.C.G.A. § 10-1-399." *Id.* at 1228 (emphasis added); *see also Tiismann v.Linda Martin Homes Corp.*, 637 S.E.2d 14, 17 (Ga. 2006) ("A private FBPA claim has three elements: a violation of the Act, causation, and injury."). |
| **Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp Stat. §§** | Samsung relies on an excerpt from ICFA that does not mention reliance and three inapposite opinions for the proposition that reliance is an element of Plaintiffs' ICFA claim. *See Saika v Ocwen Loan Servicing*, LLC, 357 F. Supp. 3d 704, 714 (N.D. Ill. 2018) (court's articulation of elements of ICFA claim includes "the |

| | |
|---|---|
| 505, *et seq.* ("ICFA")<br><br>and<br><br>**Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. §§ 510/1, *et seq.* ("IDTPA")** | defendant's intent that the plaintiff rely on the deception," not that plaintiff actually relied); *Marque Medicos Archer, LLC v. Liberty Mutual Ins. Co.,* 117 N.E.3d 1144, 1152 (Ill. App. C. 1st Dist. 2018) (same); *Speerly v. General Motors, LLC,* 343 F.R.D. 493, 540 (E.D. Mich. 2023) (same, noting that in another ICFA action, the parties agreed that ICFA did "not require that plaintiff prove individual reliance as a separate element"). *See Guvenoz v. Target Corp.,* 30 N.E.3d 404, 426 (Ill. App. Ct. 2015) ("Plaintiff's reliance is not an element of statutory consumer fraud" under ICFA and the "Act is violated whether any person has in fact been misled, deceived or damaged thereby") (cleaned up).<br><br>Samsung also cites *Aliano v. Louisville Distilling CO., LLC,* 115 F. Supp. 3d 921, 929 (N.D. Ill. 2015), to support its reliance argument for the IDTPA, but the quoted portion of the decision stated the elements for a claim under the ICFA (above), not the IDTPA, and nothing in the portion of *Aliano* that discussed the IDTPA addresses reliance. *Id.*, at 928-29. |
| **Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1, *et seq.*** | *See In re Actiq Sales & Mktg. Pracs. Litig.*, 790 F. Supp. 2d 313, 323 (E.D. Pa. 2011) (finding, in context of third-party payors suing pharmaceutical manufacturers for deceptive marketing of medicines, that IDCSA "does *not* require first-party reliance by the consumer" on the defendant's deceptive acts and that term "relying upon" in statute "should be understood to mean that any reasonable reliance will suffice, not only that of a first-party nature"). |
| **Iowa Private Right of Action for Consumer Frauds Act, Iowa Code §§ 714H.1 *et seq.*** | Samsung cites *Fox v. Iowa Health Sys.*, 399 F. Supp. 3d 780, 799 (W.D. Wis. 2019), for the proposition that reliance is an element of a claim under the Iowa Private Right of Action for Consumer Frauds Act. But *Fox* discusses common law misrepresentation and consumer protection statutes of three states and says "[a]ll four |

| | |
|---|---|
| | claims require plaintiffs to prove *either* their reliance on [defendant's] misrepresentations *or* that they suffered actual damages caused by the misrepresentations" and that the Iowa statute requires the latter. *Id.* at 798 (emphasis added). |
| **Kansas** | *Not challenged by Samsung.* |
| **Louisiana** | *Not challenged  by Samsung.* |
| **Maryland Consumer Protection Act, Md. Comm. Code §§ 13-301, *et seq.*** | Plaintiffs have satisfied the pleading standards enunciated in *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 416 (D. Md. 2018). *See Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 484 (C.D. Cal. 2012) (interpreting MCPA and concluding that it "imposes an objective test whereby a plaintiff's reliance on a defendant's omission can be presumed by the materiality of the omitted fact"). |
| **Massachusetts** | *Not challenged by Samsung.* |
| **Michigan Consumer Protection Act, Mich. Comp. Laws Ann. §§ 445.901, *et seq.*** | *Dix. v. Am. Bankers Life Assurance Co.*, 415 N.W.2d 206 (Mich. 1987), (plaintiffs in a class action need not prove individual reliance, but instead may prove that "a reasonable person would have relied on the representations" of the defendant.) *See also Gilkey v. Cent. Clearing Co.*, 202 F.R.D. 515 (E.D. Mich. 2001); *Gasperoni v. Metabolife,* No. 00-71255, 2000 WL 33365948 (E.D. Mich. Sept. 27, 2000). |
| **Minnesota Consumer Fraud Act, Minn. Stat. §§ 325F.68, *et seq.* and Minn. Stat. §§ 8.31, *et seq.*** **and** **Minnesota Uniform Deceptive Trade** | Samsung relies on *Thompson v. Am. Tobacco Co.*, 189 F.R.D. 544, 554 (D. Minn. 1999) for the proposition that plaintiffs must prove reliance to recover damages under the Minnesota statute. *But see Grp. Health Plan, Inc. v. Philip Morris, Inc.*, 621 N.W.2d 2, 14-15 (Minn. 2001) ("reject[ing] the view expressed in [*Thompson* and another federal court decision] that our misrepresentation in sales laws require proof of individual reliance in all actions seeking damages" because "[t]o impose a requirement of proof of |

| | |
|---|---|
| **Practices Act, Minn. Stat. §§ 325D.43, *et seq.*** | individual reliance in the guise of causation would reinstate the strict common law reliance standard that we have concluded the legislature meant to lower for these statutory actions"); *Wiegand v. Walser Auto. Groups, Inc.*, 683 N.W.2d 807, 811 (Minn. 2004) (reiterating holding in *Group Health* that "a plaintiff 'need only *plead* that the defendant engaged in conduct prohibited by the statutes and that the plaintiff was damaged thereby'" and that "'[a]llegations of reliance are * * * not necessary to state a claim under section 8.31, subdivision 3a, for damages resulting from a violation.'" *Id*. (emphasis in original); *Wiegand*, 683 N.W.2d at 812-13 (holding that although reliance "is a component of the causal nexus requirement for private consumer fraud class action" under the CFA, such reliance does not necessarily need to be justifiable). |
| **Nevada Consumer Fraud Act, Nev. Rev. Stat. §§ 41.600, *et seq.*** **and** **Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903, *et seq.*** | As the cases Samsung relies on explain, there is no explicit reliance requirement in the Nevada Deceptive Trade Practices Act (NDTPA) or Nevada Consumer Fraud Act (CFA) and no Nevada Supreme Court determination that there should be. *See Picus v. Wal–Mart Stores, Inc.,* 256 F.R.D. 651, 658 (D. Nev. 2009) ("The Nevada Supreme Court has not specified the elements of an NDTPA private cause of action, including whether causation and reliance are required."); *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, No. 2:10-CV-00510-GMN, 2013 WL 3270430, at *13 (D. Nev. June 26, 2013) ("[T]he Nevada Supreme Court has not expressly stated the elements of a Consumer Fraud Claim brought under § 41.600 of the Nevada Revised Statutes."). Courts have not uniformly required plaintiffs to plead reliance. *See, e.g., Harrison v. Gen. Motors, LLC*, No. 21-12927, 2023 WL 348962, at *22 (E.D. Mich. Jan. 19, 2023) (finding that for omissions-based claims, "a reliance requirement is not necessarily read into the Nevada Deceptive Trade Practices Act"); *Smallman v. MGM Resorts Int'l*, 638 F. Supp. 3d 1175, 1198-1200 |

| | |
|---|---|
| | (D. Nev. 2022) (finding, without discussing reliance, that class action complaint alleging that inadequate security practices led to data breach that injured plaintiffs adequately stated NDTPA claim). *See also Risinger v. SOC LLC*, 708 F. App'x 304, 306 (9th Cir. 2017) (predicting that with respect to a common law fraud action, the Supreme Court of Nevada would adopt "a presumption of reliance on a material misrepresentation."). |
| **New Hampshire** | *Not challenged by Samsung.* |
| **New Jersey** | *Not challenged by Samsung.* |
| **New Mexico** | *Not challenged by Samsung.* |
| **New York** | *Not challenged by Samsung.* |
| **North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. §§ 75-1.1., *et seq.*** | Samsung relies in part on *Bumpers v. Cmty. Bank of N. Va.*, 747 S.E.2d 220, 227 (2013), regarding reliance. *But see In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036-JLK, 2016 WL 5848729, at *4 (S.D. Fla. Feb. 8, 2016) (noting that *Bumpers* decided a motion for summary judgment, not a motion to dismiss, and that "[c]ourts have subsequently recognized that *Bumpers* did not hold that a plaintiff must demonstrate reliance in order to establish that a defendant's conduct was inherently unfair or deceptive" and so "*Bumpers* only requires allegations of reliance where a claim arises from an alleged misrepresentation") (internal citations omitted); *id.*, at 5 (finding reliance sufficiently pled where "Plaintiff alleges that the inaccurate and unreliable information displayed online regarding account balances and dates of transactions duped consumers into generating overdraft fees for RBC, and that RBC's delayed posting [of charges to a customer's account] prevented customers from ascertaining the accurate balances in their accounts. As a result of these misrepresentations, Plaintiff was damaged"); *In re* |

8

| | |
|---|---|
| | *Hester*, No. 11-04375-8-DMW, 2015 WL 6125308, at *4 (Bankr. E.D.N.C. Oct. 16, 2015) (explaining that reliance is not required in UDTPA cases involving unfair practices, even where misrepresentations are alleged); *In re Lincoln Nat'l COI Litig.*, 269 F. Supp. 3d 622, 642 (E.D. Pa. 2017) ("Plaintiffs' injuries resulted from the overall course of conduct, which they contend was inherently deceptive and unfair. Plaintiffs therefore need not allege reliance, and have stated an actionable UDTPA claim."); *In re TD Bank, N.A.*, 150 F. Supp. 3d 593, 638 (D.S.C. 2015) (noting reliance requirement in North Carolina UDTPA applies "narrowly" to claims "that are based on misrepresentation theories only"). |
| **Ohio Deceptive Trade Practices Act, Ohio Rev. Code §§ 4165.01,** *et seq.* | Samsung's cited case looks to the Lanham Act—not the statue itself—to impute an explicit reliance requirement into the Ohio Deceptive Trade Practices Act, Ohio Rev. Code §§ 4165.01 *et seq.* ("ODTPA"). *But see Schumacher v. State Auto. Mut. Ins. Co.*, 47 F.Supp.3d. 618, 632 (S.D. Ohio 2014) (analyzing availability of cause of action and noting that "immediately jump[ing] to a comparison of the ODTPA with the Lanham Act without first considering the *actual language*" of the statute is a mistake). Courts are split in their interpretation of the ODTPA.<br><br>Samsung does not argue that Plaintiffs must plead reliance to state claims under the Ohio Consumer Sales Practices Act ("OCSPA"), *id.* §§ 1345.01 *et seq.* so has waived any such argument regarding the OCSPA. |
| **Oklahoma** | *Not challenged by Samsung.* |
| **Oregon Unlawful Trade Practices Act, Or. Rev. Stat. §§ 646.605,** *et seq.* | Reliance is not an element of the Oregon UTPA. A plaintiff bringing a claim based on a defendant's omission need not allege reliance. *See Pearson v. Philip Morris, Inc.*, 361 P.3d 3, 28 (Or. 2015). Whether reliance is required, however, is a case-by-case |

| | |
|---|---|
| | determination based on "the nature of the unlawful trade practice and the ascertainable loss alleged." *Id.* at 27.<br><br>Samsung's citations fail to grapple with this intricate analysis, assuming instead that any claim involving an affirmative representation requires reliance. But the "nature of the misrepresentation" is not what imputes a reliance requirement. *Id.* at 28. A misrepresentation "coupled with" a benefit-of-the-bargain legal theory, though, does require it. See id. Plaintiffs here allege reliance for that portion of their legal theory, but they need not have alleged reliance at all for other claims and legal theories in which their harms have different causal links. *See id.* at 27 (The key [UTPA] phrase is 'as a result of.' . . . [W]e have examined whether the causation element of the statute equates with a requirement that a plaintiff prove reliance. Our answer has been: 'It depends.'"). |
| **Pennsylvania Unfair Trade Practices And Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201-1, *et seq.*** | Samsung relies in part on *In re Solara Med. Supplies, LL Customer Data Sec. Breach Litig.*, 613 F. Supp. 3d 1284, 1308 (S.D. Cal. 2020), which recognizes that while justifiable reliance is required under the UTPCPL, the statute imposes a lower hurdle than common law fraud. *See also Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 229 (3d Cir. 2008) (suggesting element would be satisfied at pleading stage if plaintiff alleged "that he and other putative class members justifiably relied" on defendant). |
| **Rhode Island** | *Not challenged by Samsung.* |
| **South Carolina** | *Not challenged by Samsung.* |
| **Tennessee** | *Not challenged by Samsung.* |
| **Texas Deceptive Trade Practices-** | *See Jasek v. Tex. Farm Bureau Underwriters*, No. 14-19-00759-CV, 2022 WL364050, at *4 (Tex. App. Feb. 8, 2022) (holding that the DTPA "does not require |

| | |
|---|---|
| **Consumer Protection Act, Texas Bus. & Com. Code § 17.41, *et seq.*** | proof of justifiable reliance"). *See also Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 693 (Tex. 2002) (explaining "class-wide proof is possible" under reliance element). |
| **Washington** | *Not challenged by Samsung.* |
| **Wisconsin** | *Not challenged by Samsung.* |

## APPENDIX B

### Chart 7

**Statutory Consumer Protection Claims Do Not Require Direct Purchase**
(*Cf.* Samsung Appx 16)

| STATE | AUTHORITY |
|---|---|
| Alabama | Ala. Code §8-19-3 (no direct purchase requirement); §8-19-5 proscribes a variety of wrongdoing that naturally extends beyond direct seller including "[e]ngaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce." |
| Alaska | *Not challenged* |
| Arizona | *Watts v. Medicis Pharm. Corp.*, 365 P.3d 944, 953 (Ariz. 2016) (plaintiff need not allege "direct merchant-consumer transaction" to succeed on consumer fraud claim, but rather must show "a false promise or misrepresentation made in connection with the sale or advertisement of merchandise"). |
| Arkansas | *Not challenged* |
| Calif Unfair Comp Act 1200 | *Not challenged* |
| California CLRA, 1750 | *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1144 (N.D. Cal. 2005) ("Plaintiffs who purchased used cars have standing to bring CLRA claims, despite the fact that they never entered into a transaction directly with defendant auto manufacturer who manufactured, sold, and distributed automobiles containing an allegedly defective engine part."). |
| Colorado | *Not challenged* |

| STATE | AUTHORITY |
|---|---|
| **Connecticut CUTPA** | *Soto v. Bushmaster Firearms Int'l., LLC*, 202 A.3d 262, 285 (Conn. 2019) (Supreme Court of Connecticut opined that "it is clear … that, although a business relationship initially was required to bring a CUTPA action, the legislature chose to eliminate that privity requirement and instead conferred standing on any person who could establish an ascertainable loss as a result of an unfair trade practice"). |
| **Florida FDUTPA** | *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1274-75 (S.D. Fla. 2005) (FDUTPA contains no requirement that the violation be "at the hands of a party who has provided goods or services to that individual" and holding "the relationship between the parties is irrelevant; the only relevant inquiry being whether the defendant's violation of the FDUTPA has harmed plaintiff"). |
| **Georgia GFBPA** | O.C.G.A. 10-1-370 (no direct purchase requirement in the GFBPA); *Zeeman v. Black*, 273 S.E.2d 910, 914 (Ga. App. 1980) (limited to the consumer marketplace). |
| **Illinois Consumer Fraud sec. 505** | *Not challenged* |
| **Illinois DTPA sec 510** | *Not challenged* |
| **Indiana** | *Not challenged* |
| **Iowa** | *State ex rel. Miller v. Cutty's Des Moines Camping Club, Inc.*, 694 N.W.2d 518, 525-28 (Iowa 2005) (holding that Iowa Consumer Fraud Act prohibitions are not limited either to the parties to a consumer transaction or acts prior to or at the time of the transaction because the "in connection with" sweeps more broadly and "should be interpreted liberally"). |

| STATE | AUTHORITY |
|---|---|
| **Kansas** | *Not challenged* |
| **Louisiana** | *Not challenged* |
| **Maryland** | *Not challenged* |
| **Massachusetts** | *Not challenged* |
| **Michigan** | *Winans v. Paul and Marlene, Inc.*, No. 230944, 2003 WL 21540437, at *5 (Mich. App. July 8, 2003) ("[T]he clear intent of the MCPA is to protect consumers in the purchase of goods and services. . . . The Michigan Legislature drafted the MCPA to apply to 'trade or commerce,' which is defined to include virtually all consumer transactions."). |
| **Minnesota CFA and UDTPA** | *Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 11 (Minn. 2001) ("[A]s long as the plaintiff alleges an injury by conduct that violates one or more of the substantive statutes, it is not necessary under subdivision 3a to plead that it is a purchaser of the defendant's products. . . . The HMOs need not be actual purchasers of the tobacco companies' products in order to properly plead claims under [the CFA or UDTPA].") |
| **Nevada CFA** | *Not challenged* |
| **Nevada DTPA** | *Not challenged* |
| **New Hampshire** | *Not challenged* |
| **New Jersey NJCFA** | *Slebodnik v. Reynolds and Reynolds Co.*, Civil Action No. 3:14-CV-03772 (FLW), 2014 WL 6609132, at *4 (D.N.J. Nov. 20, 2014) ("privity is not a condition precedent to recovery under the NJCFA") (citing *Katz v. Schachter*, 251 N.J.Super. 467, 474 (App. Div. 1991)). |

| STATE | AUTHORITY |
|---|---|
| **New Mexico** | *Not challenged* |
| **New York** | *Not challenged* |
| **North Carolina** | *Not challenged* |
| **Ohio** | *Not challenged* |
| **Oklahoma** | *Fuqua v. Lindsey Mgt. Co., Inc.*, No. CIV-07-827-HE, 2008 WL 2894064, at *3 (W.D. Okla. July 22, 2008), *aff'd*, 321 Fed. Appx. 732 (10th Cir. 2009)(unpublished) ("violations of the OCPA are not limited to persons in contractual privity with a plaintiff and the act is to be interpreted liberally to achieve its remedial purposes"). |
| **Oregon** | *Not challenged* |
| **Pennsylvania** | *Valley Forge Towers S. Condo. v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 645-47 (1990), *aff'd*, 605 A.2d 798 (1992) ("[T]here is no express requirement that there be strict technical privity between the party suing and the party sued. . . . We conclude that strict technical privity was not intended by our legislature to be required to sustain a cause of action under 73 P.S. § 201-9.2."). |
| **Rhode Island** | *Not challenged* |
| **South Carolina** | *Reynolds v. Ryland Group, Inc.*, 531 S.E.2d 917, 921-22 (S.C. 2000) ("privity of contract is not a prerequisite to maintaining a cause of action under the SCUTPA"). |
| **Tennessee** | *Not challenged* |
| **Texas** | *Kennedy v. Sale*, 689 S.W.2d 890, 892-93 (Tex. 1985) ("Privity between the plaintiff and defendant is not a consideration in deciding the plaintiff's status as a consumer under the DTPA. . . . The only requirement is that the goods |

| STATE | AUTHORITY |
|---|---|
| | or services sought or acquired by the consumer form the basis of his complaint."). |
| **Washington** | *Not challenged* |
| **Wisconsin** | *Blitz v. Monsanto Co.*, No. 17-cv-473-wmc, 2018 WL 1785499, at *8 (W.D. Wis. Apr. 13, 2018) (indirect purchaser alleged viable claim against manufacturer). |