## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: SAMSUNG CUSTOMER DATA SECURITY BREACH LITIGATION | Civil Action No. 1:23-md-03055 (CPO-EAP) |
| | (MDL 3055) |
| *This Document Relates To:* ALL ACTIONS | **ORDER GRANTING MOTION TO SEAL** |
| | *Filed Electronically* |

THIS MATTER is before the Court on the unopposed Joint Motion to Seal filed by the Parties in this action pursuant to Local Civil Rule 5.3. The Court having considered the papers submitted in support of the Motion; and there being no opposition to this Motion, hereby makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1.    On March 28, 2024, the Parties filed this Joint Motion to Seal (the "Motion"), pursuant to Local Civil Rule 5.3, seeking to seal portions of the Transcript from the Parties' March 7, 2024, status conference (ECF No. 129) (the "Material").

2.    Defendant Samsung Electronics America, Inc. ("Samsung") set forth the portions of the Material that the Parties seek to seal, the basis for sealing those portions, and the alleged injuries that will result if the Material is not sealed in the

Index filed as Exhibit A to the Declaration of Christopher J. Dufek ("Dufek Decl.") in support of the Motion.

3.      The Parties have moved to seal the portions of the Material that contain confidential information (collectively the "Confidential Information"), as indicated in the Dufek Decl.

4.      The Confidential Information concerns Samsung's proprietary, confidential, and sensitive information and information relating to an ongoing criminal investigation. *See* Dufek Decl. ¶¶ 4–6.

5.      The Confidential Information discloses, cites, discusses, relies upon, and comprises confidential information that Samsung has a legitimate interest in protecting from competitors in the marketplace that would utilize such information to gain an unfair competitive advantage to Samsung's detriment. *See* Dufek Decl. ¶¶ 4–5. The Confidential Information further discloses, cites, discusses, relies upon, and comprises confidential information relating to an ongoing criminal investigation, which bad actors would be able to use to interfere with the investigation. *See id.* ¶ 6.

6.      A clearly defined and serious injury will result to the Parties if the Confidential Information is not sealed. Specifically, the Confidential Information relates to Samsung's private confidential business information and an ongoing

criminal investigation that would be compromised and expose Samsung and others to substantial risk and serious injury should they become publicly available.

7.      The Parties will file or submit, redacted versions of the Material, as required by Local Civil Rule 5.3(g)(2).  The redactions are narrowly directed to proprietary, confidential, and sensitive material.  The Parties only seek to seal the portions of the Confidential Material that contain proprietary, confidential, and sensitive material, and they have identified those portions in Exhibit A to the Dufek Decl.  As such, there is no less-restrictive alternative available.

## CONCLUSIONS OF LAW

8.      There exists in civil cases "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988)).

9.      The presumption of public access is not absolute and may be rebutted. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 598 (1978).  "The party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption.'" *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Bank of Am.*

*Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)).

10.     Motions to seal are governed by Local Civil Rule 5.3(c), which requires that the moving party demonstrate: (1) the nature of the materials at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

11.     "Generally, a court will protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's competitive standing in the marketplace." *Faulman v. Sec. Mut. Fin. Life Ins.*, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006) (alteration in original) (citations omitted); *see also In re Gabapentin Patent Litig.*, 312 F. Supp. 2d. 653, 664 (D.N.J. 2004) ("A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984))); *see also* Fed. R. Civ. P. 26(c)(1)(G).

12.     Courts in this Circuit similarly protect materials containing confidential information where public disclosure of that information would negatively affect ongoing investigative efforts. *See, e.g., United States v. Thomas*, 905 F.3d 276, 283

(3d Cir. 2018) (affirming finding that "law enforcement activities, which involved national security issues and hinged on their non-public nature, and the safety of certain individuals constituted compelling interests that would be substantially harmed by unsealing"); *In re Forbes Media LLC*, 2022 WL 17369017, at *9 (W.D. Pa. Dec. 2, 2022) ("[T]he Government's interest in maintaining the secrecy of ongoing law enforcement efforts . . . does support specific redactions identifying the subject of an ongoing investigation and which could disclose the specific factual basis for the investigation involved here.").

13.     The Parties have satisfied the requirements of Local Civil Rule 5.3. The nature of the Confidential Information is sufficiently described in the Dufek Decl. and Exhibit D, and the Parties' request is narrowly tailored to legitimate privacy interests, which outweigh any nominal public interest in disclosure.   The Confidential Information reflects Samsung's propriety, confidential, and sensitive business information, public disclosure of which would give potential competitors insight into Samsung's business operations and an unfair competitive advantage. The Confidential Information also reflects information relating to an ongoing criminal investigation, public disclosure of which would interfere with the investigation.

14.     Given the narrow tailoring of the Parties' request and the sensitivity of the information sought to be protected, the Court concludes that the only way to

protect the legitimate privacy interests at issue is to adopt the Parties' proposed redactions.

15.     Accordingly, for the foregoing reasons, there is good cause to grant the instant Motion.

**IT IS HEREBY ORDERED** this 4th day of April, 2024, that the Parties' Joint Motion to Seal is **GRANTED**; and it is further

**ORDERED** that the Confidential Information shall be permanently sealed and maintained under seal by the Court.

Hon. Elizabeth A. Pascal, U.S.M.J.